Carlin, Administrator, vs. Gordy, Sheriff, et al.

## No. 1081.

JOSEPH O. CARLIN, ADMINISTRATOR, VS. M. T. GORDY, SHERIFF, ET AL.

When the mortgage creditor converts his proceedings *via executiva* into a suit *via ordinaria*, the seizure terminates *ipso facto*.

The recording at the mortgage office of the Parish in which the purchaser resides, of a promissory note given by him for the price of a "sugar mill and machinery," and so expressing it on its face, is sufficient to preserve the vendor's privilege against third persons.

The subsequent setting up of this mill and machinery on the purchaser's plantation, converts them into immovables by destination, but the conversion does not operate to the prejudice of the vendor's privilege.

And, in as much as the mill and machinery can be detached and removed from the plantation without injury to the soil or structures, the said vendor has the right to seize and sell them separately from the land, notwithstanding a subsequent special mortgage on the plantation.

APPEAL from the Nineteenth Judicial District Court, parish of St. Mary. *Goode,* J.

Robt. S. Perry for Plaintiff and Appellant.

First—To preserve vendor's liens as against third persons, the public record must contain on its face a substantial description and identification of the the thing affected. The words "for balance due on a sugar mill and machinery" is not a sufficient identification.

Second—If there be no lien as between the seizing creditor and the seized debtor, a mill and machinery attached to land cannot be seized and sold separately from the land.

Third—If there be lien as between the parties, but none as to third persons, the thing cannot (third person interested opposing) be seized and sold separately from the land, and this the more especially where such third person opposing is a mortgage creditor, his mortgage affecting the land and the thing as a whole.

Fourth—In such latter case, the third person interested would be entitled to enjoin to prevent an injury.

Fifth—One seizure of a property having been effected and enjoined, the property cannot be sold on a *fi. fa.* issued in favor of another creditor, during the pendency of such first seizure and of the injunction.

Sixth—On dissolution of an injunction on the ground that while the seizing creditor had no right to seize and sell, no injury would result to the plaintiff in injunction, damages for attorney's fees should not be accorded to defendant in injunction.

Gates & Foster for Defendants and Appellees.

An injunction is not the remedy to discuss the rights of different creditors claiming privilege and mortgage upon the same property.

One who claims a mortgage on certain property has no right to enjoin

the execution of a judgment recognizing a privilege on the same property and decreeing its sale.

An injunction will only be allowed when the party claiming it can show some damage or injury he may suffer.

The opinion of the Court was delivered by

FENNER. J. This is a contest between Mrs. Birg, one of the defendants, holding a judgment against E. Carlin recognizing a vendor's lien upon a sugar mill and machinery now attached to the latter's plantation, and plaintiff, a creditor of said E. Carlin, having a special mortgage on said plantation.

Plaintiff had seized the plantation under executory process, but, upon injunction being taken out by the debtor, he filed answer thereto, converting his proceeding from an action *viâ executivâ* to one *viâ ordinariâ*.

Although his seizure had not been formally released, we think this operated an abandonment of his executory proceeding, and *ipso facto* terminated the seizure thereunder. We have, therefore, no concern with him as a seizing creditor but solely as holder of a special mortgage.

Mrs. Birg issued a writ of *fieri facias* upon her judgment, under which, in accordance with the express terms of the judgment, the sheriff seized and advertized for sale, the sugar mill and machinery upon which the vendor's privilege was claimed and recognized. Therupon plaintiff herein instituted the present injunction proceeding to restrain and prevent the said sale.

From the judgment of the District Court dissolving the injunction with seventy-five dollars damages as attorney's fees, the plaintiff has appealed.

The view we take of the merits of the case dispenses us from the necessity of considering the propriety of the remedy by injunction, as a question of practice.

We shall discuss and determine the direct question: whether or not the defendant had the right to seize and sell the sugar mill and machinery, separately from the land, in execution of her judgment recognizing her vendor's privilege thereon.

There is no dispute that the debt on which the judgment was rendered was for the price of this identical property. It was evidenced by the following note:

February 24th, 1871.

On 1st of January, 1872, I promise to pay to the order of J. C. Bowser & Co., ten hundred and eighteen 05-100 dollars, with eight per cent interest from maturity till paid. Value received—*balance due on sugar mill and machinery.*

(Signed)                                                            E. CARLIN.

This note was recorded on the day of its date, in the parish where Carlin resided and where his plantation was situated. Plaintiff's mortgage was executed and recorded on the 8th of March, 1871.

Plaintiff contends that the record of defendant's privilege is null and void for want of proper description of the thing affected ; and that, therefore, the privilege is without effect as against his mortgage rights.

It is impossible to apply the rules regulating the description of immovable property in the recording of mortgages, to movable property. The law requires that, if the instrument on which the privilege is based be a promissory note or other written instrument, it shall be recorded. C. C. 3348. This was done. The law further requires that " in all cases of special privileges, the property subject to such privileges must also be described." *Ibid.* We think the description here was sufficient. Suppose the property sold had been so many bags of coffee or barrels of flour, how would they be described so as to distinguish them ? Suppose the name of the maker of the particular mill and machinery had been given, how would that have distinguished them from other mills and machinery of the same maker ? If at the time of the record the mill and machinery had been attached to a particular plantation, that would have afforded some means of identification ; but it does not appear that such was the fact. The record was sufficient to put any one on inquiry. It was not to be supposed that the owner of a plantation had numerous sugar mills. Finding a privilege recorded against a sugar mill and machinery in his name, persons dealing with him touching his sugar plantation had sufficient warning that it might be, and probable was, the mill and machinery on such plantation. We think the record was sufficient.

Defendant had a privilege on these movables, perfectly valid not only as between the parties but against all third persons.

The purchaser subsequently set up this mill and machinery upon his plantation. They were thereby converted into immovables by destination ; but this conversion did not and could not operate to the prejudice of the vendor's privilege existing thereon prior to their attachment to the plantation.

Troplong discusses this question very fully. Amongst other illustrations he gives the following : " Un ouvrier vend a Titius une cuve, que celui-ci place dans sa métairie pour l'exploitation de son fonds. Cette cuve devient immeuble d'après l'article 524 du Code Civil. Ce changement de nature, fera-t-il perdre à l'ouvrier son privilége ? Tant que le prix n'est pas payé, le vendeur conserve un droit réel sur la chose. Or, on ne peut admettre que l'acheteur, en imprimant à cette chose une qualité purement métaphysique, et en changeant sa destination pour sa propre commodité, ait pu altérer les droits précis et intimes

du vendeur, et lui soustraire son gage; il n'était en son pouvoir de donner aux choses vendues qu'une destination imparfaite et subordonnée aux droits du vendeur." 1st Troplong Priv. et Hyp. No. 113.

The evidence fully establishes that the mill and machinery in this case can be removed without damage to the sugar house ; and the case falls fully within the facts and principles of the case of Lapène & Jacks vs. McCan, 28th An. 749—the doctrine of which case is much more satisfactory to our minds than the contrary doctrine of Gary vs. Burguières, 12 An. 227, where we think the Court puts too narrow an interpretation upon the expressions of Troplong. The concurring opinion of Justice Wyly, in the case of Lapène and Jacks, while perhaps too broad in its general statements, we think is thoroughly correct so far as it applies to movables, which, though attached to a plantation, are capable of removal without damage to the structures in which they are contained, or with which they are connected. In such case there is no reason why the vendor's privilege which attached to them as movables prior to their being placed on the plantation should not continue in force and why they should not be separately sold in satisfaction thereof.

The privileges resting upon movables are, in some cases, affected by the changes which may take place in the nature or destination of the things. But such changes must be so radical as to create a new species of thing and destroy that species which originally existed—as, to use the illustrations of Cujas, when a pine or cypress log is converted into a ship, or when wool is converted into a garment, or when marble is made into a statue.

In the case at bar, the mill and machinery have suffered no such change by the use which the vendee has made of them. They remain the mill and machinery which were sold ; and the privilege subsists in all its force. Had their destination as immovables been effected in such manner as to preclude their detachment without injury to independent rights of ownership in the soil or structures, the privilege might have been subjected to such limitation in its exercise as would prevent the separate sale or removal of the thing subjected to it. But where, as in this case, no such difficulty exists, or, if at all, to an inappreciable extent, we see no reason for imposing any restriction upon the rights of the privileged creditor.

The privilege of the vendor is founded on the right of property. Payment of the price is essential to the vesting of an indefeasible title in the vendee. The vendor's rights to, and securities for, the payment of the price have always commended themselves to the favorable consideration of our courts.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed at appellant's costs.