Scannell & Lafaye vs. Beauvais.

## On Application for Rehearing.

---

No. 9636.

SCANNELL & LAFAYE VS. R. BEAUVAIS.—JOHN HENNESSEY & BRO. THIRD OPPONENTS.

If a vendor of parts and pieces of machinery of a sugar mill, which are detachable, permit them to be sold confusedly with the mass of machinery and the sugar house, without provoking a separate appraisement of them, he loses his privilege upon them.

A vendor of such pieces of machinery has no privilege upon the sugar-house and the acre of ground on which it stands and the other machinery in it, and if he ignores the privilege he has and sets up and attempts to enforce the privilege he has not, he will lose that which he has and will be remediless.

APPEAL from the Twenty-second District Court, Parish of St. James. *Duffel, J.*

*Sims & Poché* for Plaintiffs and Appellants.

*A. J. Murphy* for Third Opponents and Appellees.

The opinion of the Court was delivered by

Manning, J. The plaintiffs provoked the sale of the defendant's sugar plantation by executory process and bought it. On the day of sale, John Hennessey & Bro. filed a third opposition, claiming $2,694 61, of which $2,400 was for machinery sold by them and alleged to be then in the sugar-house, and the residue was for repairs to machinery. They asserted a privilege superior in rank to the plaintiffs' mortgage upon the sugar-house and the acre of ground upon which it stands.

The machinery sold by the third opponents is described by them as "Two clarifiers and fittings; one copper evaporator and fittings; one skimming tank, in three compartments; two boilers; one steam and mud drum, with fittings; one No. 3 Knowles plunger pump and steam pipe for same." They prayed for and obtained an order for a separate appraisement of the sugar-house, acre of ground, and *all* the machinery therein contained, which was made, the separate appraisement amounting to two thousand five hundred dollars. The opponents did not pray for or obtain a separate appraisement of the machinery sold by them, and the same was sold by the sheriff with the plantation and all of its appurtenances, which were adjudicated to the purchasers, *in globo.*

The plaintiffs answered the opposition by denying the existence of the privilege as claimed, but the opponents had judgment according to their prayer and the plaintiffs appealed. They have sold the plantation to other parties, and these join in the appeal.

The sugar-house was built in 1870, and has been operated ever since. The machinery of the opponents was sold by them to the defendant in 1883. The testimony is that the several pieces detailed above were movable by their nature and could have been removed without injuring the house or other machinery therein.

The vendor of a movable has a privilege on it for the price :

"But if he allows the things to be sold confusedly with a mass of other things belonging to the purchaser, without making his claim, he shall lose the privilege, because it will not be possible in such a case to ascertain what price they brought." Rev. Civ. Code, Art. 3228.

The opponents allowed the parts or pieces of the machinery upon which they had a privilege to be sold confusedly with the other ma-

chinery and the sugar-house, and did not cause them to be appraised separately, nor did they claim or attempt to enforce a privilege upon them, but instead claimed the privilege upon the sugar-house and all the machinery and an acre of ground, and had these appraised separately.

Had they claimed the privilege they really had upon the machinery they had sold, and caused it to be appraised separately, they could have enforced their claim. Caslin vs. Gordy, 32 Ann. 1285; McIlvaine vs. Legare, 36 Ann. 359. But they had no privilege upon the sugar-house and the machinery in bulk and ground. They ignored and abandoned the privilege they had, and set up and attempted to enforce a privilege they had not, and the penalty they suffer is the loss of what they might have secured, for they are now remediless.

It is therefore ordered and decreed that the judgment of the lower court is avoided and reversed, and that the plaintiffs have and recover of John Hennessey & Bro., and of James M. Hennessey, liquidator of that firm, their costs on the third opposition in the lower court and the costs of appeal.

POCHÉ, J., takes no part herein.

38   219
44   921

38   219
108   408

38   219
109   365

38   219
111   308

38   219
120   607