## No. 9683.

SHAKSPEARE, SMITH & CO. vs. JAMES A. AND JOHN M. WARE.

In civil actions the verdict of the jury, like a judgment, forms the authority of the thing adjudged upon all matters and demands set up in the pleadings; and it is not required that the verdict should contain a statement of all the considerations which led the jury to find a general verdict.

Shakspeare, Smith & Co. vs. Ware.

Thus, the jury in finding a verdict in favor of plaintiff in full of his demand against parties who are sued as partners, need not say that they found the existence of the partnership, although the same may be epecially denied as a means of defense.

The silence of the jury on a reconventional demand, when they return a general verdict in favor of plaintiff, will be construed as a rejection of said demand.

The same construction will be applied to a privilege prayed for by plaintiff.

The furnisher of machinery and materials for a vacuum pan apparatus in a sugar-house, which are removable, acquires no privilege for the price thereof on the sugar-house, all the machinery therein and on the one acre of land on which it is situated; the law restricts his privilege to the machinery and other things which he has sold to the owner of the sugar-house. The decision in Scannell & Lafaye vs. Beauvais, 38 Ann., affirmed.

APPEAL from the Twenty-third District Court, Parish of Iberville. *Talbot*, J.

*Samuel Matthews* for Plaintiffs and Appellees.

*David N. Barrow* for Defendants and Appellants:

The joint ownership of real estate does not create a partnership between the owners A special contract in writing is necessary for that purpose. C. C. 2807; Benton vs. Roberts, 4 Ann. 216; 14 Ann. 11.

So where the joint ownership is severed by sale duly recorded in conveyance book, every one is bound to take notice of same; and articles furnished the plantation after said sale, cannot be recovered of the party selling out before they were furnished.

To preserve a privilege against a sugar house and one acre of land on which same is situated, for machinery, etc., erected on same, the account must be sworn to and there must be a description of the property on which the privilege is claimed. C. C. 3348. And to effect prior mortgages it must be recorded in accordance with requirements of Art. C. C. 3274 and Act. 1877, No. 45, p. 59.

The fact that defendants had made payments on a contract for erecting machinery, etc., in a sugar house, does not prevent them from disputing the bill for the balance unpaid, nor from setting up damages in reconvention. 25 Ann. 518, Gordy vs. Veazie; Levy vs. Schwartz & Bro., 34 Ann. 214.

One is concluded by the first bill rendered, items subsequently added or charged, in which he cannot recover without showing error. Nicholson vs. Pelanne, 14 Ann. 508.

A verdict should respond to the issues and always pronounce in cases of reconvention on each party's rights. 4 La. 334; 17 La. 184; 9 R. 520.

Where a verdict finds "in favor of plaintiffs for the amount called for in their petition, with interest and costs," the judgment cannot recognize a privilege and decree the sale of property to pay same—the judgment must follow the verdict.

The opinion of the Court was delivered by

POCHÉ, J. The plaintiffs sue for a judgment against the defendants in the sum of $4,319.62, as a balance on machinery sold to defendants and put up in their sugar-house in the parish of Iberville, under a contract in writing and on an open or running account for machinery furnished outside of the contract but connected therewith; and they claim a privilege on the sugar-house and machinery therein, and on the one

acre of land on which said sugar-house is situated; under the provisions of Article 3249 of the Civil Code.

The defense is of a two-fold nature.

Both defendants claim larger credits than allowed by plaintiffs, and aver that the machinery furnished was so defective that it caused them damages far in excess of the amount claimed as a balance by plaintiffs; James A. Ware claims in reconvention the sum of $57,300, and John M. Ware claims his entire release from the whole demand on the ground of the dissolution of the partnership, while the works were being put up, and the assumption of liabilities by his vendee.

The case was tried by a jury, who returned a verdict in the following words:

"Verdict in favor of Shakspeare, Smith & Co. for the amount called for in their petition, with interest and costs."

By a motion for a new trial, defendants urged numerous errors to the verdict of the jury; among others that it allows more than plaintiffs were entitled to under the face of the pleadings. That error was immediately but only partially corrected by plaintiffs entering a remittitur of the sum of $394.18, under which the judgment was rendered for the reduced sum of $3,925.44, with recognition of the privilege claimed by plaintiffs in their petition. The additional error will be considered hereinafter.

Defendants both appeal, and they press consideration of other errors in the verdict of the jury.

1st. That it is not responsive to the issues.

The grounds are that the jury did not specifically refer to what amount of credits were allowed to defendants. In finding in favor of plaintiffs for the amount of their claim as stated in their petition, the jury must have considered the credits allowed by plaintiffs as well as those claimed by the defendants, the amount sued for being a balance of account. The law requires no more details in a verdict. The same consideration applies to the complaint that the verdict was silent on the question of partnership *vel non*. The verdict clearly indicates that the jury found that the defendants were liable as partners. And we approve of their finding both on the law and on the facts of the case. The defendants signed the contract as partners, and they are now estopped from denying its existence. The sale by John M. to James A. Ware of the former's interest in the plantation, and the dissolution of the partnership in October, 1880, after the contract had been in a great measure executed, and when a great portion of the machinery furnished outside of the contract had already been delivered and

adapted to the main apparatus, cannot affect the former's liability under the contract. That circumstance may vest him with certain equities against his vendee, but with that plaintiffs have no concern.

2d. It is argued that the verdict did not pass on the reconventional demand, and that it did not specify what amount was found under the contract and what under the account. In rendering an absolute verdict in favor of plaintiffs, the jury must be held to have passed on and rejected the reconventional demand. The rule is that the verdict of a jury, like a judgment, forms the authority of the thing adjudged upon all matters and demands set up in the pleadings. Edwin's Heirs vs. Bissel, 19 La. 222; Theriot vs. Henderson, 6 Ann. 222; Villars vs. Faivre, 36 Ann. 398.

As to the omission of the jury to specifically divide their finding between the two claims, that defect, if it be one, would not justify us to remand the cause. The whole case is before us under the same evidence which had been submitted to the jury and the verdict may be corrected on this appeal if found erroneous in that or in any other particular. Vredenberg vs. Behan, 33 Ann. 642.

We have carefully weighed the evidence in support of the reconventional demand, and we conclude that the plea is not sustained.

Some items of the machinery were on first trial found defective, but on complaint the matter was punctually and invariably remedied by plaintiffs. The machinery was put up in October and November, 1880; it was used during the entire grinding season of that year, and of the years 1881, 1882, 1883 and 1884; the account for the same was frequently submitted to James A. Ware, several part-payments were made thereon at different times, and no claim for damages was ever urged by the defendants before the institution of this suit; the demand in reconvention having been filed on April 25, 1885.

These circumstances must be held as indicating that defendants did not consider that they had been seriously damaged by the alleged defects in the machinery. Delambre vs. Williams, 36 Ann. 330.

Thus far our investigation has led to conclusions which are favorable to plaintiffs, but there are two errors in the judgment which it now becomes our duty to point out.

The amount of the judgment must be further reduced. In their petition plaintiffs allege that by part-payments down to a certain date,

their claim 'in the aggregate had been reduced to $6075.25, and that they subsequently received a remittance amounting to $2950, by which their claim was reduced to $3325.25, for which judgment should be rendered, instead of the amount determined by the jury and the district judge.

The judgment is also erroneous in allowing the privilege claimed by plaintiffs. The silence of the verdict on that part of the demand must be construed as a rejection of the same. This is the legitimate result of the rule which we applied hereinabove on the question of the reconventional demand.

But as a question of law, plaintiffs are not entitled to the privilege which they claim on the sugar-house and on the acre of land on which it is situated.

On that point, the provision of the Code, paragraph 3, art. 3249, reads as follows: "Those who have supplied the owner or other person employed by the owner or his agent, or sub-contractor, with materials of any kind for the construction or repairs of an edifice or other work which has been used in the erection or repairs of such houses or other work."

Now, under the very terms of the contract sued upon in this case, it does not appear that plaintiffs were employed or furnished materials to either construct or repair the defendant's sugar-house.

Their contract was to supply the defendants with an apparatus to boil the cane juice, to granulate the latter and to dry the sugar by the process of centrifugals, and to furnish all the pumps, the tanks and other appliances necessary thereto.

All the materials and machinery which they furnished under the contract, could be detached and removed from the building without changing or impairing the nature and the use of the sugar-house.

Under the law plaintiffs were entitled to a privilege on the materials which they had sold and delivered to the defendants, but they are not entitled to the sweeping privilege which they are now seeking to enforce.

This question came up in the recent case of Scannell & Lafaye vs. R. Beauvais, not yet reported, in which we announced the same conclusions. Plaintiffs in this case did precisely what the third opponents had done in that case. "They ignored and abandoned the privilege they had, and set up and attempted to enforce a privilege they had not."

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be amended as follows:

1. By reducing it from $3,925.44 to $3,325.25.

2. By rejecting the privilege which had therein been recognized in favor of plaintiffs, without prejudice to their right of claiming such privilege as they may have in law.

And it is now ordered that, as thus amended, said judgment be affirmed at the costs of plaintiffs and appellees on appeal.

Mr. Justice Watkins takes no part in this case, which had been submitted before his appointment.