The opinion of the court was delivered by
Miller, J.
The plaintiffs are the unpaid vendors of machinery attached by defendant, 0. B. Darrell, the purchaser, to his plantation, and plaintiffs have a judgment for their debt, with recognition of their privilege. Another creditor of the defendant, Darrell, with mortgage on the plantation, has caused it to be seized for the payment of the mortgaged debt. The plaintiffs applied to the lower court for the separate appraisement and sale of the machinery, subject to plaintiff’s privilege. The lower court refused the order for the separate sale. Thereupon the plaintiffs enjoined the sale of *1045 the machinery under the writ of the mortgage creditor, and from the judgment dissolving the injunction this appeal is taken by plaintiffs. It is urged on behalf of plaintiffs that they are not deprived of their privilege by the use defendant made of the property sold, and hence are entitled to sell it for payment of the privilege debt. Under the Code the movable placed by the owner on his plantation for its improvement becomes part of the immovable. Civil Code, Arts. 462, 468. But, notwithstanding, the unpaid vendor of the movable preserves his privilege. It is not lost by the act of the purchaser placing it on his property. Civil Code, Art. 3227, 1 Troplong Priv. et Hypothèque, No. 113; McDonough vs. LeRoy, 1 Rob. 173; Lapene & Jacks vs. McCan, 28 An. 749; Carlin vs. Gordy, 32 An. 1285.
It has been held that the privilege on the movable incorporated with the immovable can not be enforced by a separate sale of the movable. A separate appraisement and proportionate payment from the proceeds of the entirety would seem to be the appropriate remedy when the creditor seeks to enforce his privilege by third opposition. Cordeviolle & Lacroix vs. Hosmer, 16 La. 591; McDonough vs. LeRoy, 1 Rob. 173; Jamison vs. Barelli, 20 An. 402.
But it has also been held that the privilege creditor under his judgment for his debt with recognition of his privilege can seize, remove and sell the movable on which the privilege rests, although the movable has been added to the immovable. Lapene & Jacks vs. McCan, 28 An. 749; Carlin vs. Gordy, 32 An. 1285. The decisions qualify the right to cases in which the removal can be effected without injury to the immovable. We understand there is no contention on that point.
■ As well as we can gather from the brief statement of facts and the record, the application of the privilege creditor to the lower court was not made until the mortgage creditor had seized, and but an hour or two before the sale. Then the relief sought was a separate sale under plaintiffs’ writ. In that form of proceeding the application for the separate sale was properly refused. But when refused, the creditor stood on his Tight under his judgment. We do not understand he lost that right by the refusal of that other relief to which he conceived himself entitled. It is urged, too, by defendant, that after the mortgage creditor seized, the privilege creditor is restricted to a separate appraisement and his share in the proceeds of *1046 sale of the entirety. The authorities cited by defendant in this connection, McDonough vs. LeRoy, 1 Rob. 175; Cordeviolle & Lacroix vs. Hosmer, 16 La. 591; City of Baltimore vs. Parlange, 25 An. 337, do not, we think, sustain defendant’s contention on this point. If, under our law, the privilege creditor can assert his privilege under his judgment and execution on the movable added to the immovable, the right can not be defeated because the mortgage creditor has seized, nor because the period for the sale under his writ is close at hand.
In our view, then, the plaintiff was entitled to sell under his judgment, and that right could be protected only by injunction to restrain the sale of the machinery under plaintiffs’ writ. The injunction should have been maintained.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed; and it is now ordered, adjudged and decreed that the injunction of plaintiffs be made perpetual, with costs.