PROVOSTY, J.
The plaintiff’s foundry, by contract with defendant, took out old pieces and put in new pieces in defendant’s sugar mill, and, for the cost of alhthis, claims a vendor’s privilege on the new pieces thus put in, and asks that these new pieces be seized and sold to pay the debt.
A mortgage creditor of defendant, whose mortgage accrued after the sugar mill had been thus refitted, has intervened; denying that plaintiff has a vendor’s privilege, on the following grounds:
First, because the amount claimed is not exclusively for the price of things sold, but is in part for labor, etc., and the evidence does not enable the court to segregate the part due for the price of the things sold from the part due for labor, etc.;
Second, because the things thus furnished by plaintiff have lost their character of movables, and become immovables, both by nature and by destination, and as a consequence the vendor’s privilege on them has ceased to exist; and,
Third, because the plaintiff’s privilege has never been recorded so as to affect third persons.
Defendant has filed a general denial, and has specially denied that plaintiff has a privilege upon her sugar house or machinery, or any part thereof, and in the evidence, received without objection, has claimed certain credits.
The question of registry need not be considered. The plaintiff is not claiming a privilege on immovable property, and privileges on movables are not required to be recorded. If the things have become so incorporated with the plantation as to become immovable, the privilege claimed by plaintiff has ceased to exist. “Quod solo mdificatur, solo cedit.” Inst. lib. 2, tit. 1, Rev. Civ. Code, arts. 507, 508. If, on the other hand, they have continued to be movables, the privilege exists, without needing to be recorded. The question of registry, therefore, can play no part in the ease.
Plaintiff put new shells on defendant’s sugar-mill rollers; furnished two housings for the same, and four cast-iron quarter boxes and two top journal boxes for same; four king bolts; three crown wheels; one turn-plate bar; two shafts; one spider, or large sprocket wheel; and a large number of smaller and less expensive pieces. Whether these things became so incorporated into the sugar mill of defendant as to lose their identity, is the question. Our jurisprudence is not in a very satisfactory condition on the subject of when movables become, with respect to the vendor thereof, so incorporated with the soil as to lose their character of movables. But we think the present case presents no very great difficulty in connection with that question. If lumber goes into the construction of a house, it evidently loses its identity. So, *240 for the same reason, though less evidently, if doors and blinds enter into the construction of a house, they lose their identity as movables, though they might be lifted from their hinges without the slightest injury to the house. The vendor of these things loses his vendor’s privilege, and becomes vested in its stead with a furnisher of materials’ privilege. As we understand the instant case, the plaintiff repaired the sugar mill of defendant, furnishing what pieces were needed; these pieces being made specially to fit with the old pieces of the mill. In fact, plaintiff is not a hardware merchant, and probably does not pay a license as such, but is a foundry. The articles furnished to defendant, if separated from defendant’s mill, would be nothing but scrap iron. Under these circumstances, they have, wé think, lost their identity of separate movables, and become incorporated into the defendant’s sugar mill. The contrary doctrine would lead to consequences disastrous to all concerned. The things as they stand are worth, let us say, what they cost — $3,032.48—and add that much to the value of the mill. If removed from the mill, they become scrap iron, worth $8 or $9 a ton, and represent a couple of hundred dollars. The distinction between such a case and that of Carlin v. Gordy, 32 La. Ann. 1285, is obvious. There the sugar mill and machinery sold continued still to be a sugar mill and machinery, complete in themselves. In the instant case the parts of machinery in question would cease to be machinery, and become scrap iron, if detached.
Exactly under what circumstances movables are to be considered as having lost their identity is, as a matter of course, a question largely of fact. The instant case and those of Shakspeare v. Ware, 38 La. Ann. 570, and Scannell v. Beauvais, 38 La. Ann. 217, are to be distinguished purely on their facts. We do not fail to appreciate the difficulty under which the creditor may find himself in deciding which privilege to claim. Perhaps the safer course would be to qualify himself for claiming both, and to make the claim in the alternative, leaving the court to decide according to the facts.
The account recorded by plaintiff was not accompanied by an affidavit; hence the registry cannot avail against third persons. Civ. Code, art. 3348. But plaintiff is not claiming a privilege on the immovable to which the movable has become attached, and hence, as stated above, the question of registry does not really arise in the case.
On the credits claimed by defendant, we think the evidence supports the conclusions of the lower court.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed.