(64 South. 870.)

No. 19,750.

In re RECEIVERSHIP OF AUGUSTA SUGAR CO., Limited (PAYNE & JOUBERT MACHINE & FOUNDRY CO., Intervener).

(Déc. 15, 1913. On Rehearing, March 30, 1914.)

*(Syllabus by Editorial Staff.)*

1. FIXTURES (§ 22*)—VENDOR'S PRIVILEGE—LOSS—MOVABLES—IMMOVABLES.

A vendor's privilege upon movables as machinery is not lost by their becoming immovables by destination, and it may be asserted so long as the machinery is complete in itself and can be removed without destruction.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. § 57; Dec. Dig. § 22.*]

2. FIXTURES (§ 22*)—VENDOR'S PRIVILEGE—RIGHT TO ASSERT.

The right to assert a vendor's privilege upon personalty is lost when the property becomes part and parcel of an immovable.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. § 57; Dec. Dig. § 22.*]

3. MECHANICS' LIENS (§ 30*)—FURNISHER OF MATERIAL—PRIVILEGE.

Where machinery or materials used in a building lose their identity and become incorporated therein, the seller, while not entitled to a vendor's privilege, is entitled to a privilege as a furnisher of materials which applies to the building and one acre of ground surrounding it.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 35; Dec. Dig. § 30.*]

4. FIXTURES (§ 22*)—WHAT CONSTITUTE.

A vacuum pan worth many thousands of dollars, around which was built a corrugated iron structure, does not lose its identity as a complete piece of machinery and become part of the building because it is necessary to open one of the walls to remove it, and hence the seller of the pan may assert his vendor's privilege thereon as in the case of other complete articles of machinery.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. § 57; Dec. Dig. § 22.*]

5. FIXTURES (§ 22*)—VENDOR'S PRIVILEGE—RIGHT TO ASSERT.

That the removal of machinery for sugar refining will disable a sugarhouse and prevent operation is no ground for the refusal of the right of the unpaid vendor to assert his privilege.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. § 57; Dec. Dig. § 22.*]

6. RECEIVERS (§ 77*)—EFFECT OF RECEIVERSHIP.

A receiver of a corporation who takes possession of property purchased, but not paid for, by the corporation, takes it subject to the right of the sellers to assert their vendor's privilege to have the property sold for their payment, and so a proceeding by the sellers to assert their privilege cannot be stayed until liquidation of the receivership.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 91, 138–144; Dec. Dig. § 77.*]

## On Rehearing.

7. FIXTURES (§ 22*)—WHAT CONSTITUTE.

Tanks used in connection with a sugar refinery and to store oil which were not in the sugarhouse, but were only connected therewith by pipes and can be removed without injury to the refinery as a whole, are not immovables, and the unpaid seller of the tanks may assert his vendor's privilege thereon.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. § 57; Dec. Dig. § 22.*]

8. FIXTURES (§ 22*)—VENDOR'S PRIVILEGE—RIGHT TO ASSERT.

That it is necessary to cut the rivets and take apart iron tanks in order to facilitate removal will not prevent the unpaid seller from asserting his vendor's privilege thereon.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. § 57; Dec. Dig. § 22.*]

Breaux, C. J., dissenting, and Monroe, J., dissenting in part.

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Charles A. O'Neill, Judge.

In the matter of the receivership of the Augusta Sugar Company, Limited, upon intervention and third opposition of Payne & Joubert Machine & Foundry Company. From a judgment for the third opponent, the receiver appeals. Affirmed.

Coco & Couvillon, of Marksville, and Foster, Milling, Brian & Saal, of New Orleans, for appellant. Borah & Himel, of Franklin, and H. G. Bloch, of New Orleans, for appellee.

PROVOSTY, J. The Augusta Sugar Company, being insolvent and in the hands of a receiver, Payne & Joubert intervened in the receivership proceedings, asking that their vendor's privilege upon a vacuum pan, a vacuum pump, a water pump, a tower tank, an oil storing tank, and three Magma tanks, sold by them to the now insolvent company, and erected by them on its plantation, and never paid for, be recognized, and that the receiver be ordered to sell said machinery at once to satisfy their said claim.

[1, 2] The learned counsel for the receiver have argued this case as if the question presented were as to whether these objects had become immovables by destination by having been permanently attached to the plantation of the company for its exploitation; but that is not the question at all. No one can contend for a single moment that these objects were not attached permanently, and did not become immovables by destination. But hardly anything is better settled in our jurisprudence than that the vendor's privilege upon movables is not lost by their becoming immovables by destination. See, among other cases, to that effect, Carlin v. Gordy, 32 La. Ann. 1285; Bergeron v. Patin, 34 La. Ann. 534; Hall v. Hawley, 49 La. Ann. 1046, 22 South. 205; Payne & Joubert v. Buford, 106 La. 83, 30 South. 263; Scannell & Lafaye v. Beauvais, 38 La. Ann. 217; Shakespeare v. Ware, 38 La. Ann. 570; McIlvaine v. Legare, 36 La. Ann. 359; Walburn v. Darrell, 49 La. Ann. 1044, 22 South. 310.

In all cases like the present the question is, not as to whether or not the movables have become immobilized by destination, under articles 468 and 469, C. C., for they unquestionably have, but it is whether they have become so incorporated into, or merged in, the immovable property, as to have become part and parcel of it, and thereby ceased to be movables; with the consequence that the vendor's privilege upon them, qua movables, has ceased to exist. Swoop v. St. Martin, 110 La. 237, 34 South. 426.

The question of when or under what circumstances this merger will be held to have taken place is one to be determined from the particular facts of each case. In the case of Hibernia Bank v. Knoll, 63 South. 288,[1] for instance, the jacket of a sugarhouse roller, which could not have been removed without danger of breaking it and thereby converting it into scrap iron, was held to have become merged in the roller. And so, in Swoop v. St. Martin, 110 La. 237, 34 South. 426, where old pieces of machinery had been taken out and new pieces, made specially, put in. On the other hand, in Carlin v. Gordy, 32 La. Ann. 1285, a sugar mill and machinery, and in Bergeron v. Patin, 34 La. Ann. 534, boilers were allowed to be removed.

[3, 4] Where the things sold are mere materials for the construction or repair of a building, or of machinery, these materials when put into the building constructed or repaired or into the repaired machinery lose their identity and become merely a part of the building or repaired machinery. In such case the vendor's privilege is lost; but out of its ashes springs another privilege, that of the furnisher of materials, which rests

[1] 133 La. 697.

upon the structure as a whole, and upon one acre of the ground upon which the structure stands. Swoop v. St. Martin, 110 La. 237, 34 South. 426.

The interveners in this case were not mere furnishers of materials. Had they claimed the latter privilege and sought to enforce it, they would have found themselves in the same predicament as the plaintiffs in Scannell & Lafaye v. Beauvais, 38 La. Ann. 217, who, having sold "two clarifiers and fittings, one copper evaporator and fittings, one skimming tank, two boilers, one steam mud drum, and one No. 3 Knowles plunger pump and steam pipe for same," sought to claim a furnisher of material's privilege, and were told by the court that they had claimed the wrong privilege, that they should have claimed that of the vendor. See, also, Shakespeare v. Ware, 38 La. Ann. 570, where the vendor of a vacuum pan made the same mistake, and lost his claim in the same way. The pieces of machinery sold by the interveners cannot be classed as materials; each is in itself a complete piece of machinery.

Much testimony was taken on the point of what damage would have to be done to the company's sugarhouse for removing this machinery. This evidence showed no damage at all would have to be done except for the vacuum pan. For removing it an opening would have to be made in the corrugated iron wall of the structure inclosing it, and a wooden platform built around it for the sugar maker to stand on would have to be removed in part. But the evidence shows that this could be done and the premises restored to their present condition at a comparatively trifling expense. We do not think that machinery like this vacuum pan, costing thousands of dollars, loses its identity and becomes merged in the building within which it is placed (becomes mere building material, as it were) simply because for removing it an opening easily repaired would have to be made in the side of the building, or a wooden platform built around it would have to be taken down in part or in whole—all at small expense.

The vacuum pan does not lose its identity as a piece of machinery complete in itself and retaining its individuality after removal, simply because this corrugated iron building is constructed around and above it to protect it from the weather, or because this inexpensive wooden platform is constructed around it.

[5] The learned counsel for the receiver argue also that the sugarhouse will be disabled by the removal of this machinery. No doubt of that; but that result is merely the legal consequence of the machinery not having been paid for. In all the cases cited above and in all others where the vendor was allowed to assert his privilege or other rights upon machinery forming part of an operating plant, the effect was to disable the plant; but it never occurred to any one that this result was an obstacle to the enforcement of the vendor's legal rights.

[6] Learned counsel argue, also, that by the order appointing the receiver all legal proceedings against the company were stayed; and that therefore the interveners cannot be allowed to prosecute their present suit, but must await the liquidation of the receivership in due course.

The answer to that contention is that the interveners are not now proceeding against the company, but against the receiver; that the receiver took possession of this machinery subject to the right of the interveners to have it sold whenever their debt should become payable (Thompson v. Southern Mill, 123 La. 127, 48 South. 769); and that that time has arrived.

Judgment affirmed.

MONROE, J. I dissent in so far as the judgment recognizes a vendor's privilege on

the machinery which can be removed only by taking down the side of the factory in which it is contained.

## On Rehearing.

LAND, J. After a second hearing of this cause, we are satisfied with the correctness of our former opinion and decree herein.

[7, 8] As to the tanks covered by the contract, counsel for the receiver argue that they are constructions on the soil, and as such are immovable by their nature. Civil Code, art. 464. But that, if such tanks are simply immovable by destination and constitute a part of the sugarhouse, they cannot be removed without being taken apart by cutting the rivets which hold them together, and reducing them to sheet iron.

No such defense was urged in the answer below, which treated all the tanks as parts of the machinery of the sugarhouse.

In their original brief counsel for the receiver said:

"The oil storage tank is some distance from the refinery, but is attached to the main building by pipes, and in it are stored the oils which are used for the purpose of generating the power by which the refinery is operated. The Magma tanks are not in the refinery proper, but are in a shed attached adjacent to the refinery."

In the same brief it is further said:

"That these various pieces of machinery * * * have become a part of a co-ordinate whole which is the refinery itself, * * * and they cannot be removed without destroying or damaging the refinery as a whole, or without destroying its usefulness, that they therefore become immobilized and are immovables by destination."

We agree with counsel that the tanks are parts of the machinery. Considered as such, the views set forth in our former opinion are applicable to them. That the tanks can be removed without any injury to the sugarhouse cannot be disputed. That in case of a sale they may have to be taken apart to remove them from the premises does not make them immovables.

The judge below decided all the issues of fact in favor of the intervener, and. the record does not disclose that his findings are against the preponderance of the evidence.

It is therefore ordered that our former decree herein be reinstated and made the final judgment of the court.

BREAUX, C. J., and MONROE, J., dissent.