### No. 2316

### Second Circuit

---

### BAIN-BEAIRD CO. v. BELLEVOIR CO., INC.

---

(November 10, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Obligations—Par. 165; Reconvention—Par. 4.**

Where the work of repairing an engine was defective because a fly wheel, although cracked, was placed back in

the engine in that condition, a reconventional demand will be allowed on account of poor workmanship.

2. **Louisiana Digest—Mechanics' Privilege —Par. 5, 18.**

Where machinery was fixed to the building with concrete and was part of the building and plant, a claim, properly recorded for work done on the machinery creates a privilege under Act No. 139 of 1922, Section 11.
(Recent Building Contract Law—Act No. 298 of 1926.—Editor's note.)

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. J. H. Stephens, Judge.

Action by the Bain-Beaird Company against the Bellevoir Company, Inc.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Melvin F. Johnson, of Shreveport, attorney for plaintiff, appellee.

Pugh & Boatner, Byron A. Irwin, of Shreveport, attorneys for defendant, appellant.

WEBB, J. The defendant, The Bellevoir Company, Inc., which was conducting a club house, had installed a second-hand gas engine (which had been reconditioned) in its club house for the purpose of furnishing power for its electric plant, and after the engine had been operated for some time it failed to function properly and plaintiff was called on to examine the engine and make repairs, and on inspection of the engine plaintiff's workman found that the crank shaft was broken, and concluding that the shaft should be repaired the parties agreed for plaintiff to undertake the work.

In order to remove the crank shaft so that it could be welded it was necessary to remove other parts of the engine, and plaintiff's workman undertook to remove the crank-shaft, and after welding same to reassemble the engine, and the engine still failing to properly function defendant refused to pay, and the plaintiff filed a lien on the land on which the club house was situated for the amount claimed for the repairs and brought this suit to obtain judgment for the amount alleged to be due with recognition of its asserted lien and privilege.

Among the defenses which were set up and seriously urged it was claimed that the work had been improperly executed and was valueless, and that the engine had been rendered practically valueless and useless by the negligence of plaintiff in removing the crank-shaft, and defendant prayed that plaintiff's demands be rejected and for judgment in reconvention in the sum of twelve hundred dollars.

On trial judgment was rendered in favor of the plaintiff for the amount claimed, less certain credits, and with recognition of the lien and privilege asserted, and in favor of defendant on its reconventional demand in the sum of seventy-five dollars; from which judgment defendant appealed and plaintiff has answered the appeal, praying that the judgment be amended and defendant's reconventional demand rejected.

OPINION

We find that the evidence shows that the crank-shaft was properly welded and replaced in the engine, and while the evidence is very conflicting as to whether the work incident to removing the crank-shaft and reassembling the engine was properly executed, we think that the weight of the evidence shows that in taking the crank-shaft out the workmen cracked the fly-wheel (the evidence, however, shows

that the fly-wheel was already cracked in one place) and that the engine should not have been reassembled or the fly-wheel placed on the shaft until the fly-wheel had been repaired.

While the evidence does not show what would have been the cost of repairing the fly-wheel or the charge for reassembling, we do not think that the allowance of seventy-five dollars on the reconventional demand was excessive, and the judgment in effect was merely a recognition of the claim of plaintiff less an allowance for improper workmanship, which we find was authorized under the evidence.

The defendant contends that the lien and privilege asserted should not have been recognized. However, the evidence indicates that the machinery was affixed to the building with concrete, and was a part of the building and plant, and it is shown that the claim was properly and timely recorded as provided under Act No. 139 of 1922, Section 11 (Capital B. & L. Assn. vs. Carter, 164 La. —, 113 South. 886) and we are of the opinion that the privilege created by the statute referred to is applicable. (Swoop vs. Martin, 110 La. 237, 34 Sou. 426; In re Augusta Sugar Co., 134 La. 974, 64 So. 870). And that the judgment properly recognized the privilege.

However, the decision as to the right to a privilege does not appear to be important here, and could not affect the rights of third parties.

The judgment appealed from is affirmed.