No. 4124

Second Circuit

(Second Division)

BROWN v. LIGGETT
(HOWELL ET AL., Interveners)

(May 4, 1932. Opinion and Decree.)

Argued before STEPHENS, TALIAFER-RO and CULPEPPER, JJ.

Watkins & Watkins, of Minden, attorneys for plaintiff, appellee.

A. S. Drew and John T. Campbell, of Minden, attorneys for interveners, appellants.

CULPEPPER, J. Plaintiff brought suit to recover $851 with legal interest from judicial demand for labor performed for defendant by him and certain others who had assigned their claims to plaintiff for purposes of this suit. In addition to the claims for labor actually performed, plaintiff also sues for statutory penalties on the various amounts of each laborer's daily wages, from their respective dates of discharge by defendant until the wages earned shall have been paid. It is alleged that plaintiff and his said co-laborers were discharged without having been paid their wages.

It is alleged that the services which plaintiff and his assignors performed for defendant, and for which the wages are claimed, was "in the drilling and operation of certain oil and gas wells on a lease owned by the said defendant," situated on lands in Webster parish, full description of the land being set out in the petition.

It is also alleged that to secure the payment of said wages and penalties plaintiff

has a lien and privilege on "the oil and gas wells located on the above stated lease, drilling rigs and machinery, appurtenances, appliances, equipment and tools that were used in the said operations, above alleged, also has a lien and privilege on the oil and gas lease." Writs of provisional seizure were caused to be issued by plaintiff, and the returns of the sheriff thereon show the following property was seized:

"Oil and gas wells, drilling rigs, machinery, appurtenances, appliances, equipment and tools used in the operation of said oil and gas wells on the following described property." (Here follows the description set out in plaintiff's petition.)

No appearance was made by defendant, therefore judgment by default was rendered for plaintiff as prayed for on September 19, 1930. Service upon defendant having been domiciliary, notice of the judgment was sought to be had but failed because defendant had in the meantime moved from the state. Whereupon service of notice was made upon D. W. Stewart, Jr., attorney at law, appointed to represent the absent defendant, after which the seized property was advertised for sale under the judgment.

Pending the advertisement, O. C. Howell filed an intervention and third opposition, alleging ownership of a portion of the property seized, consisting of certain of the machinery, tools and appliances, denied the existence of a lien in favor of plaintiff upon the property, and obtained a rule upon the sheriff and plaintiff, and defendant, to show cause why same should not be released from seizure. The Merrick Oil Company, Inc., also intervened, claiming ownership of other portions of the seized machinery and drilling outfit, also denied any lien in favor of plaintiff in suit. Stevens Machine & Boiler Works intervened, asserting a superior lien to that of the plaintiff upon the seized property, alleging that it had "performed certain shopwork, labor and repairs on the drilling rig, equipment, machinery, casing, pipes and tools, and general repairs and upkeep of said drilling rig, etc., of said James B. Liggett, between the dates of July 10th and August 25, 1930." This claim is for $688.05. D. A. Culberson intervened, alleging that he was entitled to a lien and privilege superior to that of all other persons upon the seized property, by reason of the fact that he "did and performed certain work and labor on the drilling rigs, derricks, equipment, machinery, casing, pipes and tools, in the matter of dismantling, moving and rebuilding same, belonging to James B. Liggett between the dates of July 22, 1930 and September 5, 1930." This claim is for $680. H. R. Hayes Lumber Company intervened, alleging that it sold and delivered to defendant Liggett and J. S. Martin, between the dates May 2, 1930, and June 22, 1930, certain lumber, paint, nails, cement and other building materials aggregating $645.17, which defendant used in the construction, operation and drilling of "what is known as the Taylor #1 and 2," located on the leased lands; that said amount had not been paid and that it is entitled to a lien and privilege upon the seized property over that of all other persons.

The sale was withheld and the issues as thus made up were submitted to the court upon the following short agreed statement of facts:

"It is admitted by all parties concerned that the ownership alleged by the Merrick Oil Company and O. C. Howell represents true ownership of the property alleged in the petition, which ownership is admitted.

"And the amounts of the liens of the Stephens Machine & Boiler Company, D. A. Culberson and H. S. Hays Lumber Company are admitted as correct but the rank of all liens to be determined by the court.

"And the right of Frank B. Brown and all lienors to exercise their lien and privi-

lege upon the property of O. C. Howell and the Merrick Oil Company is a question of law left for the determination of the court. Also the question of whether or not penalties constitute a lien is also left for the court's consideration."

Apparently the court reconsidered the issues involved between plaintiff and defendant in the original suit and on which the default judgment was rendered, as the court on the trial of the interventions decreed "that the judgment previously rendered—be maintained and enforced" as to the amount of labor actually earned ($851) recognizing and enforcing a superior lien and privilege upon the seized property to secure its payment, but rejecting the demands for penalties.

There was judgment for Stephens Machine & Boiler Works, for $688.05, with legal interest from November 26, 1930; for D. A. Culberson for $680, with legal interest from December 15, 1930; and for H. R. Hayes Lumber Co. for $646.17, with legal interest from November 29, 1930. A lien and privilege of equal rank was recognized upon all of the seized properties in favor of these three interveners, but of inferior rank to that of plaintiff in suit; and all of the alleged liens were recognized regardless of the owner or owners of the properties. The demands of O. C. Howell and Merrick Oil Co., Inc., were rejected. These two last named interveners alone have prosecuted appeals. H. R. Hayes Lumber Company, Stephens Machine & Boiler Works and D. A. Culberson took orders of appeal but did not perfect same.

It is our view that plaintiff in suit, Frank B. Brown, has no lien or privilege on the property under seizure, for the following reasons:

He alleges that the labor for which he claims a lien was performed in the "drilling and operation of the wells." It is not alleged nor does the testimony show how much or what part of the labor was performed in the work of drilling, nor what part in the operation, if any, of the so-called wells after they were completed and became producing wells, if they ever did become such. This information is essential for the court to have. Act No. 171 of 1928 is the only statute granting a lien and privilege on oil and gas well rigs, machinery, appurtenances and appliances connected with such wells, to laborers thereon, to secure their wages. It creates a lien and privilege only when the labor or services are performed in the operation of oil or gas wells. It does not create a lien for services performed in the work of drilling such wells. Such has been the construction placed upon the statute by this court in a number of recent decisions, the first of which was the case of Wesson v. John Woodley, Inc., decided February 16, 1932, and reported in 19 La. App. 369, 139 So. 676. A number of other similar cases have since been decided, not yet reported.

If the so-called wells were only being drilled, plaintiff would have a lien upon the wells themselves under the provisions of Act No. 172 of 1928, but not upon the machinery used in drilling, or upon the lease. This, of course, contemplates that the wells should become producing wells and not result in dry holes, for a dry hole would be worthless.

O. C. Howell, in his petition of intervention, alleged that the wells in question were only being drilled; that it leased the rig claimed by it to defendant Liggett for the purpose of drilling a well, and that in fact there is no oil and gas on the property. The Stevens Machinery & Boiler Works alleged that the work it performed was repairs on Liggett's drilling rig, equipment, etc. Merrick Oil Company, Inc., likewise alleges it was a drilling rig which it had loaned to Liggett, and that Liggett

used it in drilling the well or wells in question. D. A. Culberson alleges that the labor he performed for Liggett was on drilling rigs, etc., in dismantling and removing same.

In view of all of the pleadings as made up in the case, and the absence of any testimony to the contrary, we think it entirely reasonable to conclude that the labor performed for which plaintiff claims a privilege, was in the drilling of the wells in question, and that no producing oil or gas well was brought in or completed. If such had been true, plaintiff had every opportunity to submit proof to that effect, but he failed to do so.

We, therefore, hold that plaintiff in suit had no lien or privilege, under the statute upon the property under seizure. In view of this holding it does not become necessary to pass upon the question raised as to whether or not plaintiff in suit would have a lien on the drilling rigs owned by O. C. Howell and Merrick Oil Company, Inc., third parties; one of which was leased and the other loaned to Leggett with which to do the drilling.

The claim of lien by D. A. Culberson, and by Stevens Machine & Boiler Works for labor and repairs upon the drilling rigs, derricks, etc., likewise falls insofar as it is sought to bring them under the provisions of the statute.

Lien or privilege cannot be allowed unless expressly and unequivocally granted by statute, particularly when claimed by creditor on property of one who is not debtor nor liable for the debt. Burn Planting Co. v. Goldman Landing Co., 163 La. 720, 112 So. 662; La. Dig., Privileges, 1930 Supplement.

O. C. Howell and Merrick Oil Company, Inc., who owned the drilling rigs, tools, appliances, etc., were not debtors of plaintiff, nor of the other interveners. We know of no statute and have been cited to none which creates a lien or privilege upon oil or gas well drilling rigs, derricks and appurtenances thereto attached to secure the wages of mechanics or other workmen in repairing, dismantling or removing them. Such liens would necessarily have to be created by statute, and particularly so when the rigs belonged to some third party and leased or loaned to the driller or drilling contractor.

As to the claim of the Hayes Lumber Company to a lien for lumber, paint, nails, and cement sold to defendant Liggett, and used by him in the construction and alleged "operating and drilling" of the so-called wells, the only lien which could have been in its favor was a vendor's lien. Even though the rigs, derricks, etc., had belonged to Liggett, the vendor's lien for materials, such as were here sold, could not be enforced for the reason that their species have been changed by being incorporated in with the rigs and derricks themselves. Pratt Engineering, etc., Co. v. Cecelia Sugar Co., 135 La. 179, 65 So. 100; Civ. Code, art. 3230; Swoop v. St. Martin, 110 La. 237, 34 So. 426.

As previously stated, the drilling rigs sought to be subjected to a lien by plaintiff and interveners, Culberson, Stevens Machine & Boiler Works, and Hayes Lumber Company, belonged to parties other than defendant Liggett. Treating of liens for work done or materials furnished the lessee of mining properties, 40 C. J. page 1172 cites a case from the state of Washington which held that the "lien does not extend to machinery used by lessee but not owned by him or attached to the soil in any way. Mattocks v. Great Northern R. Co., 94 Wash. 44, 162 P. 19." However, no such liens attach in any case except by statute, and we know of none in this state on the particular subject.

The intervener claimants of liens have made no appearance before this court, which strongly indicates that they now think their claims are without merit.

For the reasons assigned, the judgment appealed from is reversed and set aside in so far as it recognizes liens in favor of plaintiff in suit, and the interveners, D. A. Culberson, Stevens Machine & Boiler Works and H. R. Hayes Lumber Company, and in so far as it rejected the demands of O. C. Howell and the Merrick Oil Co., Inc. It is now ordered, adjudged, and decreed that said plaintiff, Frank B. Brown, and said interveners, D. A. Culberson, Stevens Machine & Boiler Works and H. R. Hayes Lumber Company are declared to have a lien or privilege upon said property to secure the respective sums for which they obtained judgment against James B. Liggett, defendant, and that their said claims for a lien are hereby rejected.

It is further ordered and decreed that O. C. Howell and the Merrick Oil Co., Inc., be and they are hereby decreed to be owners of the property for which each respectively intervened, and as such entitled to and sent in possession thereof, free of any lien or privilege herein claimed upon same.

It is further ordered and decreed that the costs of the main suit, except as to that of the seizure, be paid by defendant James B. Liggett; that the cost of the seizure and of the interventions of O. C. Howell and Merrick Oil Co., Inc., be paid by plaintiff in the main suit, and that D. A. Culberson, Stevens Machine & Boiler Works and H. R. Hayes Lumber Company each pay the costs of their respective interventions.

It is further ordered and decreed that said judgment be otherwise affirmed.