ELLIS, Judge.
Plaintiffs are the purchasers of two hundred acres of land and the improvements thereon from Mrs. Louell'a Fugler Ham-matt by act of sale dated January 12, 1961. At the time of the purchase, the property was being used as a dairy. A certain Van Vetter Bulk Milk Tank and vacuum pump were essential equipment in the dairy operation and were located in a dairy barn on the premises.
Immediately after the sale from Mrs. Hammatt to Nathaniel P. Chestnut and Melba L. Harvey, the purchasers leased the dairy to the vendor for ninety days for $200.00. The dairy was operated by R. L. Fugler, Jr. in the name of the lessee until about April 5, 1961.
In the small hours of the morning of April 5, 1961 R. L. Fugler, Jr., and his son, Fred Fugler, assisted by four other persons, moved the refrigerated tank and pump to a dairy operated by Fred Fugler in St. Helena Parish.
Plaintiffs seek compensation for the tank and pump from the defendants in solido on the theory that there had been an unlawful conversion. In the alternative, plaintiffs seek judgment against Mrs. Hammatt on the theory that she had warranted title to the bulk milk tank and pump as part of the real estate.
The defendants contend that the tank and pump are the property of R. L. Fugler, Jr. by virtue of an act of sale of movables dated January 5, 1961 from Mrs. Hammatt.
In the alternative, defendants contend that the sale of January 12 was null as Mrs. Hammatt was, at that time, suffering from a mental breakdown and, also in the alternative, that there had been a specific verbal agreement to exclude the tank and pump from the sale of the land.
Defendants further seek a recision of the entire sale because of mistake and error and because of fraud and misrepresentation.
There was no serious attempt on the part of the defendants to establish any of the special and alternative defenses and we shall not consider them further.
This court is faced with the problem of determining whether the tank and pump are movables or immovables. Should the property be classed as immovable, it will be *917 necessary to determine the effect of the sale •of movables dated January 5, 1961. If the property is to be classed as movable, unquestionably title thereto was never vested in the plaintiffs.
The trial judge in oral reasons for judgment determined that the pump was not an immovable, being connected only by a rubber sleeve and located outside the building; but that the refrigerated bulk milk tank was an immovable by nature, being connected to the milk house. Accordingly, judgment for the plaintiffs and against the •defendants in solido was granted in the amount of $2336.42, representing the installed price of the tank less depreciation. Prom this judgment defendants have appealed.
The tank was connected to the premises by means of electrical wiring and copper tubing. The legs of the tank were encased in cement for the purpose of protecting the calibration of the tank and this may, or may not, have adhered to the floor. However, we do not find it necessary to determine whether or not the tank was attached permanently to the building within the meaning •of Article 468.
Article 468 of the LSA-Civil Code also provides that “Things which the owner of a tract of land has placed upon it for its •service and improvement are immovable by •destination.” Unquestionably, the bulk milk tank and vacuum pump, which actually operated with it, were placed on the premises by the owner in August 1958 at a cost of $2818.72, installed. It was admitted by •defendant, R. L. Fugler, Jr., though reluctantly, that milk produced without such a bulk milk tank would be unsalable in the Baton Rouge milk shed. Therefore, the tank was definitely of service and constituted an improvement to the land which was •operated as a dairy.
The bulk milk tank and vacuum pump certainly fall within the example used in Article 468 of “ * * * other machinery made use of in carrying on the plantation works.” Unquestionably then, the refrigerated bulk milk tank and vacuum pump were immovable by destination and ordinarily would pass with the land as an improvement.
However, this is not determinative of the case, as it is well established in our law that immovables by destination may be considered as movable by the owner or by his creditors holding a chattel mortgage or vendor’s lien.
The following language from “In re Receivership of Augusta Sugar Co., 134 La. 971, 64 So. 870” involving a vendor’s privilege on a vacuum pan, a vacuum pump, a water pump, a tower tank, an oil storing tank, and three Magma tanks is applicable here:
“The learned counsel for the receiver have argued this case as if the question presented were as to whether these objects had become immovables by destination by having been permanently attached to the plantation of the company for its exploitation; but that is not the question at all. No one can contend for a single moment that these objects were not attached permanently, and did not become immovables by destination. But hardly anything is better settled in our jurisprudence than that the vendor’s privilege upon movables is not lost by their becoming immovables by destination. See, among other cases, to that effect, Carlin v. Gordy, 32 La.Ann. 1285; Bergeron v. Patin, 34 La.Ann. 534; Hall v. Hawley, 49 La.Ann. 1046, 22 South 205; Payne & Joubert v. Buford, 106 La. 83, 30 South 263; Scanned & Lafaye v. Beauvais, 38 La.Ann. 217; Shakespeare v. Ware, 38 La.Ann. 570; McIlvaine v. Legare, 36 La.Ann. 359; Walburn [Swenson Co.] v. Darrell, 49 La.Ann. 1044, 22 South 310.
“In all cases like the present the ques- ' tion is, not as to whether or not the movables have become immobilized by destination, under articles 468 and 469, *918 C.C., for they unquestionably have, but it is whether they have become so incorporated into, or merged in, the immovable property, as to have become part and parcel of it, and thereby ceased to be movables; with the consequence that the vendor’s privilege upon them, qua movables, has ceased to exist. Swoop v. St. Martin, 110 La. 237, 34 South. 426.”
It is evident that the milk tank had not become merged with the building so as to completely lose its identity. Its removal caused no serious damage to the building and thus is the case at bar distinguished from Monroe Automobile and Supply Co. v. Cole, 6 La.App. 337 (1927-2nd Cir.). In the Monroe case the court found that removal of the tanks buried under three hundred square feet of seven inch concrete would destroy the property and, therefore, those tanks had merged with the land.
Having determined that the refrigerated bulk tank was an immovable by destination and that its nature was not such as would constitute a merger into the land, it becomes necessary to consider the effect of the sale of movables to R. L. Fugler, Jr., dated January 5, 1961
The evidence disclosed that R. L. Fugler, Jr., acted as the agent of Mrs. Hammatt during the negotiations with the plaintiffs prior to January 12 and that the dairy was actually operated by him for his own benefit until early April, though all transactions were in the name of Mrs. Ham-matt.
Mrs. Hammatt was free to dispose of such immovables by destination as she desired. However, she was bound to disclose to the prospective purchasers that certain immovable improvements were to be excluded from the sale of the land. R. L. Fugler, Jr., as the vendor’s agent and as. the alleged purchaser of the im-movables, was likewise bound to disclose the fact that they would not be conveyed as he himself owned them.
The purchaser of immovables by destination cannot negotiate the sale of the land and improvements for the owner and remain silent as to the true ownership of what, on the surface, appears to be an immovable by destination.
The case at bar is distinguishable from. Richardson v. Item Co., 172 La. 421, 134 So. 380 (1931) for in the Richardson case-the sprinkler system having been placed, in the building by the lessee, rather than by the owner, never did become immovable. In addition, the lessee in the Richardson, case did not actively negotiate the sale of' the premises or in any way attempt to conceal the true ownership of the sprinkler system. Had he done so, the result might well! have been different.
Having allowed the immovables by-destination to remain on the premises after-January 5, and during the negotiations, which he himself conducted, for the sale of the land, the prior purchaser of movables cannot be heard to complain unless actual knowledge on the part of the purchasers be established.
Evidence further tended to show that-other items, including the steps to the house, had been misappropriated but later returned. It has already been mentioned that the tank was removed in the middle-of the night.
There is a second reason that the-defendants cannot maintain their contention that R. F. Fugler, Jr., was the purchaser of the equipment by act of sale dated January 5, 1961. On December 24, 1960, Mrs. Hammatt entered into a written agreement to sell the 200 acres to Nathaniel P. Chestnut. Consequently, she divested herself of the right to sell the • real estate or the immovables by destination to any other person until the ex-. piration of the written agreement. R. L. Fugler, Jr. witnessed that agreement.
Any attempt by the defendants subsequent to December 24, 1960 to sever the^ *919 immovables from the land without the knowledge and consent of the purchasers was clearly an attempt to alter the written contract and the owner of the land, her agent and all persons intentionally •engaged in such activity would be liable in solido to the purchasers of the land.
We do not find the method of calculating useful life of the improvement used by the trial judge to be in error. The tank was made of stainless steel and was ■described as a life-long improvement. Certainly the useful life cannot be equated ■to the guarantee period (10) years as contended for by the defendants. The trial judge calculated the defendant’s depreciation credit on a 20 year useful life.
The plaintiffs, not having appealed from the decision of the lower court denying recovery for the value of the pump, we are powerless to grant it.
Judgment of the lower court is affirmed.
Affirmed.