Mr. Black, in his work on judgments (volume 1, § 116), says:

"Numerous authorities hold that a judgment expressed to be merely for or against 'the plaintiff' or the 'defendant' will be sufficient, if the names of the parties thus designated can be ascertained without ambiguity from other parts of the record."

Judgment affirmed.

---

(68 South. 129)

No. 21110.

J. P. HUDSON & SONS v. UNCLE SAM PLANTING & MFG. CO. et al.

In re J. P. HUDSON & SONS.

(March 22, 1915. Rehearing Denied April 12, 1915.)

*(Syllabus by the Court.)*

RECEIVERS ☞78—PRIVILEGE ON MOVABLES—SALE AND DISTRIBUTION OF PROCEEDS.

The vendor of movables is entitled to have the property, upon which his privilege rests, seized and sold forthwith, and the proceeds distributed immediately by the receiver of a corporation in a provisional account filed by said receiver, in which the proceeds of the sale only will be distributed.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 145–147; Dec. Dig. ☞78.]

Certiorari to Court of Appeal, Parish of Orleans.

Action by J. P. Hudson & Sons, in liquidation, against the Uncle Sam Planting & Manufacturing Company and others. Judgment for plaintiff was amended by the Court of Appeal, and plaintiff applies for certiorari or writ of review. Modified and affirmed.

Charlton R. Beattie, of New Orleans, for plaintiff. Guion, Lambremont & Hebert, of New Orleans, for F. Reynaud, Receiver.

SOMMERVILLE, J. Plaintiffs obtained judgment in the district court against the Uncle Sam Planting & Manufacturing Company for the balance of the price of certain mules bought by said company, with recognition of a vendor's lien and privilege upon said mules then in the possession of F. Reynaud, receiver of said corporation; and the receiver was directed to advertise and sell the said mules, and apply the proceeds to the payment of the costs, and the amount of the judgment, $749.23, with interest, said advertisement and sale to be made in the manner required by law; and the receiver was ordered to place any balance remaining unpaid, if any, upon an account to be rendered by him in the course of his administration, to be paid by him in due course of administration.

The receiver appealed suspensively and devolutively to the Court of Appeal, on giving bond for costs. Plaintiff moved to dismiss the suspensive appeal on the ground that the bond was insufficient. The motion to dismiss was denied.

The judgment was amended by the Court of Appeal decreeing:

"That, upon the sale being had, the proceeds thereof be forthwith distributed upon an account filed by the receiver, and duly homologated, after the receiver and creditors of the estate have been afforded, according to law, an opportunity to present their claims and assert their privileges, if any, against the funds contradictorily with plaintiff."

Plaintiff has applied to this court for writs of certiorari, asking that the judgment of the Court of Appeal on the motion to dismiss and on the merits be reversed.

The receiver has filed an "answer" in this court, asking that the judgments of the district court and Court of Appeal be reversed. An answer may be filed to an appeal in the Supreme Court, but the law does not provide for an answer by a party to a suit on an application for a writ of review addressed to the Court of Appeal. The "answer" will not be considered.

The ruling of the Court of Appeal on the motion to dismiss the suspensive appeal is now of no importance.

The case has gone to judgment on the merits; and as the appeal would have been good as a devolutive, if not as a suspensive, appeal, the correctness of the ruling on the motion to dismiss has passed out of the case.

The judgment of the Court of Appeal does not question the right of plaintiff to have the property, upon which its vendor's lien and privilege rests, sold at once. The complaint of plaintiff is against that part of the judgment which annuls and reverses the judgment of the district court in so far as that court ordered the immediate application of the proceeds of the sale of the mules to the payment of plaintiff's claim.

In Matter of Receivership of Augusta Sugar Co., 134 La. 971, 64 South. 870, the judgment was affirmed ordering the receiver there to pay the vendors "out of the proceeds of the said sale the amount of the judgment by preference and priority over all other creditors of the Augusta Sugar Company, Limited." In that case no question was raised as to the payment, and whether an account should be filed by the receiver or not. The point was not therefore passed upon. The existence of the vendor's lien and privilege was recognized, and the property on which they rested was ordered sold, and that payment should be made to the vendor by preference out of the proceeds of the sale.

The Court of Appeal appears to have construed that decision to mean that the vendor would have to await the filing of the ordinary account by the receiver, in the administration of the receivership, before the proceeds of the sale of the mules could be paid to plaintiff, the vendor. The vendor is entitled, after judgment rendered contradictorily with the receiver, to be paid the proceeds of the sale, less those costs which were incurred in the sale thereof. And for this purpose it would be well that the receiver be ordered to forthwith file a provisional account by which he would distribute only the funds arising from the sale of the mules in question, and, upon its homologation, to pay plaintiff in accordance with the judgment rendered in this cause by the district court. A different order might be entered in an executory proceeding. Act 25 of 1902, p. 33.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal be amended by decreeing that the judgment of the district court be further amended by ordering the receiver to file forthwith a provisional account by which he shall distribute the proceeds of the sale of the mules in question, and that, upon the homologation of the same, he shall pay to plaintiff the amount of the judgment, or so much thereof as he may have in his hands, after paying the costs of sale, including commissions due the receiver on the amount coming into his hands from the sale of the mules, and the privileges, if any, which may rank those of plaintiff, and, as thus amended, said judgment is affirmed; the costs to be paid by defendant in the district and Supreme Courts.