## GANDIA & STUBBE v. CADIERNO.

### In re SOLÁ É HIJO, S. EN C.

(Circuit Court of Appeals, First Circuit.   May 23, 1916.)

### No. 1135.

**1. AGRICULTURE ⬚⟹13—PREFERENCES—RIGHT TO.**

Under Civ. Code Porto Rico, § 1823, subd. 6, providing for a preference for creditors for seeds and expenses of cultivation with regard to the fruits of crops to which they are applied, no preference in the debtor's property generally is given, but only in the crops.

[Ed. Note.—For other cases, see Agriculture, Cent. Dig. §§ 31–33, 36, 37; Dec. Dig. ⬚⟹13.]

**2. AGRICULTURE ⬚⟹13—PREFERENCES—RIGHT TO.**

Under Civ. Code Porto Rico, § 1824, subd. 4, declaring that mortgage and agricultural credits entered and recorded in the registry of property with regard to the property mortgaged, or which had been the object of the loan, shall be entitled to priority, claims for fertilizer used in cultivation, where there was no record of the debt, are not entitled to priority.

[Ed. Note.—For other cases, see Agriculture, Cent. Dig. §§ 31–33, 36, 37; Dec. Dig. ⬚⟹13.]

**3. AGRICULTURE ⬚⟹13—PREFERENCES—RIGHT TO.**

Under Civ. Code Porto Rico, § 1824, subd. 2, giving priority to credits for advances for agricultural purposes as to the crops grown, one furnishing fertilizer is not entitled to priority generally, but only in the crops grown.

[Ed. Note.—For other cases, see Agriculture, Cent. Dig. §§ 31–33, 36, 37; Dec. Dig. ⬚⟹13.]

**4. AGRICULTURE ⬚⟹13—PREFERENCES—RIGHT TO.**

Under Civ. Code Porto Rico, § 1824, subd. 6, providing priority for agricultural loans not entered or recorded with regard to the real estate to which the loan relates, a creditor who furnished fertilizer is not entitled to priority in his debtor's property generally, but only in the agricultural property on which the fertilizer was used.

[Ed. Note.—For other cases, see Agriculture, Cent. Dig. §§ 31, 33, 36, 37; Dec. Dig. ⬚⟹13.]

**5. BANKRUPTCY ⬚⟹350—PREFERENCES—RIGHT TO.**

Under Bankr. Act July 1, 1898, c. 541, 30 Stat. 563 (Comp. St. 1913, § 9648), all valid liens and incumbrances upon the assets forming part of the bankrupt's estate are to be satisfied before distribution among the creditors holding allowed claims is to be made, debts having priority being those entitled in such distribution to be first paid; therefore, under Civ. Code Porto Rico, § 1824, subd. 6, establishing a preference for

---

⬚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

agricultural loans, one who furnished fertilizer to enable an agriculturist to make a crop is not, in view of the fact that the Code provision is part of a comprehensive system for the distribution of insolvent's property, inconsistent with the system of the Bankruptcy Act, entitled to priority under section 64b.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 537; Dec. Dig. ☞350.]

6. APPEAL AND ERROR ☞719(5)—REVIEW—QUESTIONS REVIEWABLE.

On appeal from a judgment of the District Court affirming an order of the referee, the question of the admissibility of evidence, which was not assigned as error, and on which no finding was based, will not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2974, 3490; Dec. Dig. ☞719(5).]

7. AGRICULTURE ☞11—PREFERENCES—RIGHT TO.

Under Civ. Code Porto Rico, § 1824, subd. 6, giving priority to agricultural loans, one furnishing an agriculturist with fertilizer is not entitled to priority, unless the fertilizer was used in cultivating his land.

[Ed. Note.—For other cases, see Agriculture, Cent. Dig. §§ 15–30; Dec. Dig. ☞11.]

8. BANKRUPTCY ☞479—PROCEEDINGS—COSTS.

On appeal from an order of the District Court, the trustee in bankruptcy, who did not appear when the case was called, and filed no brief, was not entitled to costs.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 901; Dec. Dig. ☞479.]

Appeal from the District Court of the United States for the District of Porto Rico; Hamilton, Judge.

In the matter of the bankruptcy of Solá é Hijo, S. en C. From an order of the District Court, affirming an order of the referee denying the motion of Gandia & Stubbe, opposed by Segundo Cadierno, trustee, to obtain priority, petitioners appeal. Affirmed.

Joseph B. Jacobs, of Boston, Mass. (Cay Call Cuchi, of San Juan, Porto Rico, and Jacobs & Jacobs, of Boston, Mass., on the brief), for appellants.

Before DODGE and BINGHAM, Circuit Judges, and ALDRICH, District Judge.

DODGE, Circuit Judge. The bankrupt in this case was a firm known by the name "Solá é Hijo, S. en C." How many partners composed the firm is not shown by the record, nor do the names of any of them appear.

The appellants are creditors of the firm and have a claim against the estate which has been allowed in the sum of $7,052.33, being the total amount due them from the firm for fertilizer sold and delivered to it at various times during 1911 and 1912.

Having obtained its allowance, as above, the appellants filed a petition to the referee, asking that their claim be granted priority. This was filed April 5, 1914, entitled, "Motion to Obtain Priority of Payment on Behalf of Gandia & Stubbe." The request made was:

"Wherefore the petitioners move that their claims be allowed priority for payment within paragraph 6 of section 1823, and paragraph 4 of the section

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

1824, of the Civil Code of Porto Rico, as a refactionary credit representing cultivating expenses for agricultural purposes."

The referee denied the request, holding that the petitioners had not established a proper claim for priority. The District Court, on review, sustained the referee, from which order this appeal is taken.

[1] The business done by the bankrupt firm appears to have consisted in raising tobacco and sugar cane upon various farms or planta-tations belonging to it in Porto Rico called "fincas." Findings by the referee that the debt in question "arose out of the sale of fertilizers sold to the bankrupt as agriculturists and not as wholesalers of fertilizer," and that "the fertilizer was sold for the purposes of cultivation," are not disputed. The material portions of sections 1823 and 1824 of the Civil Code of Porto Rico containing the provisions relied on by the appellants may be quoted from the English version of the Code included in the compilation of the Revised Statutes and Codes of Porto Rico, published by the Bureau of Insular Affairs, War Department, in 1913.

Section 1823 provides that:

"With regard to specified personal property of the debtor, the following are preferred: * * * 6. Credits for seeds and expenses of cultivation and harvesting, advanced to the debtor, with regard to the fruits of the crops to which they were applied."

There being nothing in the record to show that any of the fertilizer sold to the bankrupt firm as above was applied to any particular crop, or that the fruits of any crop to which it may have been applied, or the proceeds thereof, form any part of the bankrupt estate, it is clear that, as the referee and the District Court both held, the above provisions have no application for any purpose in the present case.

[2, 3] Section 1824 of the Code provides that:

"With regard to certain real property and rights on realty of the debtor, the following shall have preference: * * *

"2. Credits for advances for agricultural purposes, as to the crops on the property for which such advances are made, as provided in the special act relative to that subject. * * *

"4. Mortgage and agricultural credits (refaccionarios) entered and recorded in the registry of property, with regard to the property mortgaged, or which had been the object of the agricultural loan (refaccion). * * *

"6. Agricultural loans not entered or recorded with regard to the real estate to which the agricultural loan (refaccion) relates, and only with regard to other credits from that mentioned in the four preceding numbers."

[4, 5] Paragraph 4 of this section is the only paragraph expressly relied on in the above "motion to obtain priority," etc. It has no application, because no claim is made that there was ever any record relating to the debt in question or any part thereof. Paragraph 2, not mentioned in the above motion, but considered by the referee, has no application; for the same reason as those which exclude paragraph 6 of sec. 1823. It is in paragraph 6 alone, also not mentioned in the appellants' original motion, that any possible support for their claim to "preference" under the Code can be found—as was held both by the referee and by the District Court.

The "preference" given by paragraph 6 is not given with regard to the debtor's entire property, or with regard to all his real property,

but only "with regard to the real estate to which the agricultural loan relates." Assuming the debt here in question to have been for an "agricultural loan," within the meaning of the Code, to what real estate it related does not appear from the record, nor does it appear to what real estate the appellants contend that it related, unless their claim is that it related to all the real estate belonging to the bankrupt firm when the fertilizer was sold, without distinction. From the referee's opinion dated June 23, 1914, they appear to have contended, on the evidence before the referee, that the firm had only one property, a finca called "La Union," and that the fertilizer sold was presumably used on that property. But the records showed, according to the referee, that the firm had several other properties, upon any or all of which the fertilizer might have been used, wherefore he regarded the claim to priority as maintainable only if paragraph 6 of section 1824 entitled the appellants to payment out of the proceeds of sale of the finca "La Union." In his subsequent certificate to the District Court, dated October 15, 1914, the referee stated that:

"No evidence was offered to show upon which properties of the bankrupt estate the fertilizer sold by petitioner was used. No evidence was offered to show that any of the fertilizer in question was used on the property called 'Union.' "

There is no indication in the record of any attempt by the appellants to show that their "agricultural loan" related either to the finca "La Union," or to any particular piece of real property belonging to the bankrupt firm. The opinion of the District Court makes no reference to the above statements by the referee, nor does the brief submitted to us by the appellants. On behalf of the trustee in bankruptcy, there has been neither argument nor brief submitted in this court. The appellants' contention appears to be, that if the sales of fertilizer were to the firm "as agriculturists" and "for the purposes of cultivation," nothing further is necessary to make the transaction an "agricultural loan" or to make it "relate" in the sense of section 1824, to all real estate owned by the firm, without discrimination. We are by no means satisfied that the section is to be so understood; but, if it is, there are further difficulties in the way of holding that the appellants have acquired either "preference" or "priority" by virtue of it.

In the first place, the assumption that a "preference" good, according to section 1824, against all a bankrupt's real estate would be the same thing as a "priority," in the sense in which the Bankruptcy Act uses that term, is one which we are not prepared to adopt.

Under the system of distribution established by the Bankruptcy Act, all valid liens and incumbrances upon assets forming part of the bankrupt's estate are to be satisfied before any distribution among the creditors holding allowed claims is made; and debts having priority are those entitled in such distribution to be first paid, in the order fixed by Bankruptcy Act July 1, 1898, c. 541, § 64b, 30 Stat. 563 (Comp. St. 1913, § 9648), out of the net proceeds realized by the trustee from all the assets of whatever kind.

The "preferences" allowed by the various sections of title XVII of the Porto Rican Code, wherein section 1824 is included, more nearly

resemble liens or incumbrances attaching upon the various kinds of property specified in said sections respectively, than the priorities allowed by section 64b of the Bankruptcy Act out of the net proceeds of the entire estate.

Of the various provisions as to "preferences" contained in title XVII of the Code, there are some which are obviously in direct conflict with provisions of the Bankruptcy Act, and therefore of no effect whatever for the purpose of regulating distribution under it. There has been no attempt to show how the remaining provisions of said title, or any of them, connected as they are with those which must be wholly disregarded, can be recognized as valid for that purpose.

The Bankruptcy Act contemplates no such elaborate system of distribution, according to preferences ranking in a prescribed order, some upon specified kinds of personal or of real property, some upon personal or real property not of the specified kinds and some upon all the property of both kinds—as title XVII of the Code establishes. How any one provision belonging to the latter system can be safely recognized, detached from the others wherewith it is there connected, as establishing a priority under section 64b (5) of the Bankruptcy Act, belonging, as that section does, to a system so different and inconsistent in its nature, is not apparent. A like conclusion is reached in our opinion in No. 1148, Vidal, Petitioner, 233 Fed. 733, —— C. C. A. ——, also dated May 23, 1916, wherein the differences between the two systems are more fully considered.

There is nothing in the record to show what kinds of property constitute or originally constituted the estate in the trustee's hands. If it may be inferred that part thereof is or was real estate, whether or not there is or was also personal property, and, if so, in what proportion to the real estate, does not appear. In no event could preference of any kind be claimed for the appellants' debt except as against real estate; but so far as the record shows, allowing it priority under section 64b (5) might result in applying to its payment more than its share of the personal property. The above considerations we think sufficient to prevent us from holding that the District Court erred in holding the debt not entitled to priority, although they are not the grounds for its decision which the opinion sets forth.

It is stated in the opinion of the District Court that the referee found:

"That Gandia & Stubbe furnished this fertilizer for the cultivation of crops, but that the bankrupt, instead of using the material for that purpose, sold it to others."

We do not discover any such finding by the referee, either in his opinion dated June 23, 1914, or in his certificate dated October 15, 1914. He seems to have gone no further than to find:

"That if at any time Solá é Hijo otherwise disposed of the fertilizer, it was without the knowledge of Gandia & Stubbe, and certainly without their consent."

[6] Evidence offered before the referee by the trustee in bankruptcy to show that the bankrupt sold some or all of the fertilizer appears to have been admitted by the referee against the appellants' objection:

They argued to the District Court that it was improperly admitted, and have so argued here, though the admission of this evidence is not assigned as error. The District Court made no ruling as to its admissibility, and neither the referee nor the District Court has based any conclusion upon a finding that the bankrupt did in fact sell the fertilizer instead of using it. 'We find no occasion, therefore, to determine whether the evidence was admissible or not.

[7, 8] The District Court held that the appellants had failed to establish any preference for their debt under section 1824 of the Porto Rican Code, because they had failed to prove that the fertilizer sold had been ever applied to the bankrupt's land. The appellants contend that, under the Code, no such proof was necessary; but proof that the fertilizer was sold for purposes of cultivation was sufficient for the purpose. The appellants fail to satisfy us that the District Court erred in its interpretation of the Code provisions, and we think it clear that no sufficient proof appears in the record that the debt for the fertilizer "related," in the sense of the Code, to the real estate whereon preference was claimed. We find no error, therefore, in the order or decree appealed from. In view of his failure to appear when the case was called, or to file any brief, the trustee in bankruptcy is not entitled to costs. As he has not raised the possible question whether an appeal lay from the decree below, instead of a petition under section 24b (section 9608), we have not felt obliged, under the circumstances, to consider it.

The decree of the District Court is affirmed, without costs of appeal.