## LEE v. KOPPEL INDUSTRIAL CAR & EQUIPMENT CO.

(Circuit Court of Appeals, First Circuit.   January 10, 1924.)

No. 1660.

1. **Appeal and error ☞150(3)—Receiver may appeal from order allowing preferred claim.**
     A receiver may appeal from an order allowing a preferred claim.

2. **Receivers ☞77(1)—Limitations of preferred lien on personalty outlined.**
     Under Civil Code Porto Rico, § 1823, conferring a preferred lien for credits for the construction, repair, or purchase price of personalty in debtor's possession, to the extent of the value thereof, and providing that, if the personalty with regard to which the preference is allowed has been surreptitiously removed, creditor may claim it from the holder, the lien is limited to personalty that remains in debtor's possession, or has been surreptitiously removed, and to the value thereof at the time when the right takes effect.

3. **Receivers ☞154(1)—Priority claim not sustained as administration expense.**
     Where claimant was an ordinary creditor, except as he secured special rights, under Civil Code Porto Rico, § 1823, his priority claim cannot be sustained as an administration expense of the receivership.

4. **Fixtures ☞18(1)—Railroad rails and switches held part of realty.**
     Railroad rails and switches, spiked down, as they must be in railroad building, are attached to the soil, and under Civil Code Porto Rico, § 335, become a part of the realty, and subject to any mortgage which may cover the realty.

5. **Bankruptcy ☞23—Insolvency ☞14—Creditors' rights determined as of beginning of proceedings.**
     Generally, in bankruptcy or insolvency proceedings, creditors' rights are determined as of the date of the beginning of the proceedings, and this rule obtains in Porto Rico, under Civil Code Porto Rico, §§ 1816, 1817.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the District of Porto Rico; Odlin, Judge.

Proceeding between Albert E. Lee, receiver, and the Koppel Industrial Car & Equipment Company. From a decree allowing a preferred claim, receiver appeals. Decree reversed, and case remanded for proceedings not inconsistent with the opinion.

Philip N. Jones, of Boston, Mass. (Henry G. Molina, of San Juan, P. R., on the brief), for appellant.

Henry E. Warner, of Boston, Mass. (Francis H. Dexter, of San Juan, P. R., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This appeal involves the right of the appellee to be held a preferred creditor in the liquidation of a business concern in the hands of the court's receiver. While the record is inadequate for us to determine in exact detail the rights of the parties, we think enough appears, so that we may settle the questions of controlling importance, leaving the case open for further hearing in the court below on any subordinate questions of fact which may thus become relevant. The salient facts are as follows:

In July, 1921, on a so-called "creditors' bill," alleging that the defendants were solvent, but embarrassed for lack of liquid capital, the court, with the consent of the defendants, constituted a receivership of a large sugar plantation and mill and other allied businesses. The receivership went, as usual, upon the theory that a moratorium was necessary to protect the rights of creditors. Compare the Imbrie Case, cited as Brooks et al. v. Smith et al. (C. C. A.) 290 Fed. 33. In February, 1922, an order was made for filing with the receiver claims against the defendants. After various proceedings, the details of which are not now material, it was determined that there was due the appellee, as 75 per cent. of the purchase price of railroad materials sold and delivered by the appellee to the defendants before the receivership, a sum which, with interest, amounted to $38,739.71. We note that interest may have been improperly compounded. But, apart from interest, the indebtedness is undisputed by the receiver and by other creditors, who at the trial opposed the appellee's claim of preference. In its claim the appellee set up that it was entitled to priority of payment, "because the amount due is the sales price of movable property now in the hands of the debtor, according to section 1823, Civil Code of Porto Rico, paragraph 1." The sale covered about 5 kilometers of 35-pound rails, part of which were laid and used before the receivership, and part of which were afterwards used by the receiver; 75 small 2½-ton cane cars, which the receiver reported as not needed in the operation of the plant; and some larger cane cars and engines, etc., which were used. There was evidence tending to show, but no findings by the court, that the cost of the rails laid before the receivership, and contended by the receiver thus to have become a part of the realty, was $8,344.67; that the value of the personal property, which the receiver reported as useful and recommended keeping, was, as of January, 1922, $10,751. The

receiver therefore recommended that the appellee's claim be held preferred to this amount of $10,751, that the small cane cars be returned or sold for the account of the appellee, and that the balance of the claim be allowed as an ordinary debt. But the court entered an order that the appellee's claim be "allowed as a preference and prior claim as a part of the operating expenses, with interest at the rate of 8 per cent. on the sum of $31,344.71 from July 8, 1921" (the date of the receivership), "and interest at the same rate on $7,395 from the 30th of January, 1922," which was the date of the maturity of one of the notes given the appellee by the defendants.

From this order the receiver, "at the request of the parties to this suit and of intervening creditors of defendants, and pursuant to leave granted on June 8, 1923," claimed an appeal to this court, which was duly allowed.

[1] Although, as noted above, the record is inadequate, in that, inter alia, nowhere does it appear that the concern was found to be, or became during the receivership, insolvent, yet the irresistible inference from what is before us is that the business is being liquidated as an insolvent enterprise. Otherwise, the rights of creditors, inter sese, would not be involved. If the concern were solvent, all creditors would, of course, be paid in full. Other creditors would not have appeared and contested the appellee's claim of preference. We conclude, therefore, that the questions before us arise in connection with a quasi bankruptcy or insolvency proceeding.

The appellee's contention that the receiver had no right to appeal cannot be sustained. Bosworth v. Terminal Co., 174 U. S. 182, 188, 19 Sup. Ct. 625, 43 L. Ed. 941.

[2] 1. The main question is as to the scope and effect of section 1823 of the Civil Code of Porto Rico. The pertinent parts of that section are as follows:

"With regard to specified personal property of the debtor, the following are preferred:

"1. Credits for the construction, repair, preservation, or for the amount of the sale of personal property which may be in the possession of the debtor to the extent of the value of the same. * * *

"If the personal property, with regard to which the preference is allowed, has been surreptitiously removed, the creditor may claim it from the person who has the same, within the term of thirty days counted from the time it was so removed."

We agree with counsel for the receiver that the mere reading of this section suffices to show that the priority, preference, or lien (whatever it be called) is limited:

(a) To personal property that remains in the possession of the debtor or has been surreptitiously removed; and (b) to the value thereof at the time when the right takes effect. And such have been the holdings in all the cases brought to our attention that throw any light on the problem. Gandia v. Cadierno, 233 Fed. 739, 147 C. C. A. 505; Hudson v. Uncle Sam Planting & Mfg. Co., 136 La. 1071, 68 South. 129; McMicking v. Tremoya, 14 Phil. Rep. 253; Swoop v. St. Martin, 110 La. 237, 34 South. 426.

[3] Rather faintly it is suggested that the priority claim can be sustained as an administration expense of the receivership. There is no merit in this. The appellee was an ordinary creditor, except as it got special rights under section 1823, supra. Kneeland v. American Loan Co., 136 U. S. 89, 97, 10 Sup. Ct. 950, 34 L. Ed. 379. Sobrinos de Ezquiaga v. Rossy, 21 Porto Rico Rep. 369.

[4] 2. But a portion of the goods sold by the claimant had, as the receiver contends (and we think correctly), ceased to be personal property, and had become attached to the land as realty. This covered, as we understand from the record (but we are not now dealing with any mere question of accounting), $8,344.67 of the unpaid purchase price.

Under section 335 of the Civil Code of Porto Rico, the law on this point seems to be substantially the same as under the common law. This section reads:

"The following are immovables:

"1. Lands, buildings, roads and structures of every kind adherent to the soil. * * *

"3. Everything attached to an immovable in a fixed manner, in such a way that it cannot be separated from it without breaking the matter or causing injury to the object."

It is not and cannot be seriously contended that rails and switches, spiked down, as they are and must be in railroad building, are not attached to the soil, and do not become a part of the realty, and subject to any mortgage which may cover the realty. Bischoff v. Pomar, 12 Phil. Rep. 691; compare Swoop v. St. Martin, 110 La. 237, 34 South. 426; Pratt Engineering & Machine Co. v. Cecelia Sugar Co., 135 La. 179, 65 South. 100. Sec Van Keuren v. Central R. R. of New Jersey, 38 N. J. Law 165; Union Trust Co. v. Weber, 96 Ill. 346, 349; Louisville Co. v. Boney, 117 Ind. 501, 20 N. E. 432, 3 L. R. A. 435; Boston, etc., R. R. v. Gilmore, 37 N. H. 410, 72 Am. Dec. 336; Galveston R. R. v. Cowdrey, 11 Wall. 459, 482, 20 L. Ed. 199.

[5] 3. Error is also assigned to the ruling below that the appellee is entitled to interest on $31,344.71 from July 8, 1921, the date of the receivership, and on $7,395 from January 30, 1922. This assignment must be sustained. The general rule is that in bankruptcy or insolvency proceedings the rights of creditors are determined as of the date of the beginning of the proceedings.

Compare Sexton v. Dreyfus, 219 U. S. 339, 31 Sup. Ct. 256, 55 L. Ed. 244; Remington Bankruptcy (2d Ed.) §§ 598, 679; Bankruptcy Act 1898, § 63 a (1), being Comp. St. § 9647.

That the same rule obtains in Porto Rico is apparent from sections 1816 and 1817 of the Civil Code, as follows:

"Sec. 1816. By the declaration in bankruptcy, all the immature debts of the bankrupt become due.

"Should they be paid before the time fixed in the obligation, they shall suffer the discount in proportion to the amount of the legal interest on the money.

"Sec. 1817. From the date of the declaration in bankruptcy, all the debts of the bankrupt shall cease to bear interest, with the exception of mortgage and pledge credits to the amount of their respective guaranties.

"If, after the principal of the debts has been paid, a balance should remain, interest shall be paid, reduced to the legal rate, unless that stipulated is less."

4. Our general conclusions are that the receiver was substantially correct in his contentions as to the nature and extent of the plaintiff's right to priority. It is now suggested by counsel that, since the entry of the decree complained of, the receivership property has been sold. Whether, if such sale took place, the personal property here in question was set up and sold separately, in whole or in part, we cannot know. But, as indicated above, this decision is without prejudice to the right of any of the parties in interest to show any facts—resulting from any such sale or otherwise—as may enable the court below to make an order of distribution in accordance with this opinion.

The rules laid down in Sexton v. Dreyfus, supra, and authorities cited and approved therein, will, of course, determine any questions which may arise as to interest.

The decree of the District Court is reversed and the case is remanded to that court for further proceedings not inconsistent with this opinion; the appellant recovers costs in this court.