KNIGHTON v. SAFETY TIRE SERVICE,
Inc., et al. (FISK TIRE CO.,
Inc., Intervener).*
No. 4689.

Court of Appeal of Louisiana. Second
Circuit.
Nov. 3, 1933.

---

*Rehearing denied December 1, 1933.

Dickson & Denny, of Shreveport, for appellant.

Milling, Godchaux, Saal & Milling, of New Orleans, and R. F. White and Robert Roberts, Jr., both of Shreveport, for appellees.

DREW, Judge.

On July 6, 1932, Dr. J. E. Knighton filed a petition alleging that he was the lessor of Safety Tire Service, Incorporated, and that they were indebted to him for rent in the sum of $829.49. After making the necessary allegations, he prayed for a rule ordering Safety Tire Service, Incorporated, to show cause why J. M. Wyse should not be appointed receiver to take over its affairs. Answer was filed the same day, and judgment rendered appointing J. M. Wyse receiver to operate it as a going concern.

The following day, by petition of intervention, Fisk Tire Company, Incorporated, asserted its vendor's lien upon certain tires which had come into the receiver's hands and for which Fisk Tire Company, Incorporated, had not been paid.

On showing made by this petition, and to prevent irreparable injury, the court filed an ex parte order directing the receiver to keep a separate account of all sales of tires upon which Fisk Tire Company was claiming a lien, and the receiver was ordered to show cause why he should not separately appraise and immediately sell these tires and distribute the proceeds upon a partial tableau of distribution. The receiver answered, and after trial had on July 12, 1932, the court rendered judgment ordering the receiver to set the tires aside, appraise and sell them separately, and to file a provisional account proposing the distribution of the funds received therefrom.

The judgment was rendered on July 20, 1932. Soon thereafter the receiver obtained authority of the court to sell all the assets of the receivership and wind up his administration, for the reason that the tires on which Fisk Tire Company, Incorporated, claimed a vendor's lien, comprised the greater part of his stock. The sale was had, and soon thereafter the receiver filed an account of his administration and a tableau of distribution.

At the time of filing his account the receiver had for distribution in his hands $1,220.81, of which $340.64 was the proceeds of the sale of the tires upon which Fisk Tire Company, Incorporated, had a lien; $73 was received from sales in the course of business; and the remainder from the sale in bulk. The receiver, in his tableau of distribution, proposed to pay $925.61 toward various expenses of the receivership, leaving a balance of $295.20 for distribution to the creditors of the corporation. Of this balance he proposed to pay $141.01 for taxes; $150 to the holder of a chattel mortgage on an automobile; and $4.19 to Dr. J. E. Knighton on his past-due rent claim, i. e., rent due prior to the receivership. One item, among those making up the expenses of the receivership which he proposed to pay, was rent for July and August, $400, for Dr. J. E. Knighton.

The account and tableau of distribution was filed on September 12, 1932, and on September 21, following, Fisk Tire Company, Incorporated, filed an opposition to said account setting out that there was due it by Safety Tire Service, Incorporated, the sum of $4,883.85; also set out each and every proceeding in the receivership up to that time, and averred that it was entitled to have paid to it, by preference and priority, the sum of $340.64, the amount the tires on which it had a vendor's lien were sold for by the receiver. And that it was likewise entitled, by preference and priority over all other creditors of said receivership, to be paid $16.60, the cost of this opposition and cost of its intervention.

The receiver answered, alleging that the funds derived from the sale of the tires involved herein was being claimed by the landlord and also by third opponent, and that he was holding the proceeds of the sale subject to the order of the court.

More than ten days after the filing of the tableau of distribution, the receiver, by petition, secured the approval and homologation of his account in so far as it was not opposed, and the distribution of the funds accordingly. He set out in his petition that the only opposition filed to his account was that of Fisk Tire Company, Incorporated.

Dr. J. E. Knighton filed an answer to the opposition of Fisk Tire Company, Incorporated, admitting all allegations of the petition in opposition, with the exception of the allegations that Fisk Tire Company should be paid by preference and priority over all other creditors, which he specially denied. He further averred that he had a rent claim of $1,126.48, for this, to wit: Taxes for 1931 and 6 months of 1932, $863.98; insurance, $85.50; June rent, less one-half 1932 taxes, $150;

and that receiver is indebted unto him in the sum of $400 for rent due in July and August, 1932, which he alleged to be a preferred debt of the receivership. He alleged his lessor's lien for all his past-due rent on all the contents of the building occupied by Safety Tire Service, Incorporated, and especially on the tires sold for Fisk Tire Company, Incorporated. He prayed that the Fisk Tire Company's opposition be dismissed and that his claim and lien for rent be recognized.

After trial there was judgment in favor of Fisk Tire Company, Incorporated, maintaining its opposition and ordering the amendment of said tableau of distribution so as to order the payment to Fisk Tire Company, Incorporated, the entire sum of $340.64, over all expenses of the receivership and by preference and priority over all creditors of the Safety Tire Service, Incorporated; and ordering the costs paid by third opponent in its intervention and third opposition placed on the tableau of distribution to be paid as an expense of the receivership.

From this judgment the receiver appealed. Dr. J. E. Knighton did not appeal. Therefore, the question of the rank of the claims of Dr. Knighton and the Fisk Tire Company is not before us. The receiver has no interest in championing the right of one claimant over the other in regard to the rank of their claims.

The only question presented to us by the appeal of the receiver is: Does the claim of Fisk Tire Company, Incorporated, outrank the expenses of the receivership, and should it be paid by preference, and priority over the expenses of the receivership?

It has been held in J. P. Hudson & Son v. Uncle Sam Planting Co., 136 La. 1071, 68 So. 129, and in International Harvester Co. v. Union Irrigation Co., 150 La. 405, 90 So. 741, that the vendor of movables is entitled to have the property upon which his privilege rests, seized and sold forthwith and the proceeds distributed immediately by the receiver of the corporation, in a provisional account filed by said receiver. And when this is done it is not subject to the costs of the receivership. The Fisk Tire Company, immediately after the appointment of a receiver, secured an order for the sale of the goods upon which they had a vendor's lien, and the funds derived from said sale are not subject to be applied to the costs of the receivership.

It therefore follows that the judgment of the lower court is correct and is affirmed, with costs.