## GEORGE JECKELL *v.* JACOB FRIED.

The sale or transfer of a debt includes everything which is an accessory to the same as suretyship, privileges, and mortgages.

APPEAL from the Third District Court of New Orleans, *Fellowes,* J. E. J. *Wenck,* for defendant. W. W. *Handlin,* for plaintiff. *John Henderson, Jr.,* for intervenor.

ILSLEY, J. The plaintiff, a judgment creditor of the defendant, by virtue of an execution in the suit of *George Jeckell* v. (No. 17,504) *Jacob Fried,* caused to be seized as the property of the defendant, a certain cracker machine, which the defendant, Fried, had purchased from one Sturne ; Sturne being indebted to one Beard in the sum of four hundred dollars, it was agreed among the parties, that Fried, the purchaser, should execute his note, as part of the price of the cracker machine, for the amount due to Beard. This note having been transferred to one Daniel Sheehan, he intervened in the said suit, by way of third opposition, and claimed under the vendor's privilege to be paid by preference out of the proceeds of the sale of the cracker machine.

The opposition of Daniel Sheehan was sustained in the Court below, and from the judgment of the Court, George Jeckell has appealed.

The appellant contends that the judgment of the lower Court contains errors to his prejudice, on the grounds, to wit : 1. Because, even if all the facts and allegations contained in opponent's petition were taken as true, he has no privilege on the property seized, nor on the proceeds of the sale.

2. Because, by his own showing a new debtor is substituted for the old one, who is discharged by the creditor.

3. When a note is given in satisfaction of a debt and the creditor accepts it as a payment.

4. Because the judgment of the District Court does not state against whom the judgment is rendered.

I. The intervenor's petition represents that he is the legal owner of the promissory note executed by Fried to G. R. Beard, as a part consideration of the cracker machine, sold by Sturne to Fried. That the said note, by the common consent of the parties to the sale, was so made to satisfy a debt due by Sturne to Beard. That being a sale note, the payment of it is secured by the vendor's privilege on the cracker machine, and that he is entitled to payment out of the proceeds of the Sheriff's sale.

Had the note been made payable to Sturne, and been secured by the vendor's privilege, no reason can be perceived why, under the circumstances of the case, the note made payable to Beard, should not likewise carry with it the same security. It was, in effect, a transfer from Sturne to Beard, of a part of the consideration of Sturne's sale to Fried, in the particular form agreed on by the contracting parties, and the transfer of

the claim evidenced by the note, carried with it the accessory of the privilege of vendor.   C. C. 2615.

II and III. If Sturne is discharged from Beard's claim by the latter's receiving for it Fried's note, Fried still owes his privilege note to Beard, or his assignee.

IV. The claim of the third opponent was against the fund, but, in any contingency, the reasons assigned for the decree form a part of it, and the title of the suit is thereto prefixed.   Judgment is rendered in favor of intervenor for the amount claimed by him, to be paid out of the proceeds of the sale of the property now in the hands of the Sheriff, with costs of intervention, and vendor's privilege.   This would form a res judicata.

There is no error in the judgment of the Court below.

It is therefore ordered, adjudged and decreed, that the judgment of the lower Court be affirmed ; the costs of appeal to be paid by the appellant.