## No. 9074.

### M. SHELLY vs. T. L. WINDER.—M. LEVY & BRO., INTERVENORS.

The purchase of such movables as mules cannot destroy the vendor's privilege by impressing upon them the merely metaphysical character of immovables by destination, but such destination is subordinate to the vendor's right.

In an action by vendor of a plantation for dissolution of sale by reason of breach of the resolutory condition, he cannot claim mules attached thereto after his sale, to prejudice of the privilege of the vendor of the mules, nor is he interested in the question of registry of said privilege.

APPEAL from the Nineteenth District Court, Parish of Terrebonne. Goode, J.

---

*E. H. McCaleb* and *L. F. Suthon* for Plaintiff and Appellant:

1. Appellant's constitutional right of appeal cannot be taken away by the *ex parte* affidavit of appellee. Alleged acquiescence in the judgment appealed from must be brought to the attention of the court by the highest species of evidence which the facts are susceptible, otherwise it cannot be noticed. 29 A. 862; 32 A. 176.

2. The provision of Article 567, C. P., will not be extended by presumption or implication. The acts relied on to show an acquiescence in the judgment appealed from should be unequivocal. 29 A. 763. Where the judgment is severable and divisible, its partial exe-

cution will not debar appellant's right of appeal as to the remainder. 35 A. 213; 4 A. 216; 3 R. 253; 6 R. 273; 3 A. 358. 593; 23 A. 152: 3 Wal. 687, 688.

3. Mules placed upon a plantation by its owner and intended for the cultivation thereof, become immovable by destination. R. C. C. art. 468; 23 A. 749; 27 A. 657.

4 The vendor's privilege upon movables which have become immovable by destination ceases to exist. and cannot be exercised to the prejudice of third persons, hypothecary creditors of the vendee. Troplong Priv. et Hyp. T. 1, Nos. 109, 114. *et seq.;* C. rej. 22 Janv. 1833 (Mirault): S.-V. 33, 1, 446; D. P. 33, 1, 151; Grenoble, 18 Janv. 1833 (Marade); S.-V. 33, 2, 462; D. P. 33, 1, 85.

5. The vendor of movables cannot demand the resolution of the sale for the non-payment of the price, when the objects sold have become immovable by destination and are subject to the hypothecary claims of third persons. Lyon, 21 Mars. 1839 (Cavé); S.-V. 39, 2, 423; D. P. 39, 2, 104: C. rej. 9 Dec. 1835 (Périer); S.-V. 36, 1, 177; D. P. 36, 1, 5; Paris, 16 Aout, 1832 (Veyvasset); S.-V. 33, 2, 474; D. P. 34, 2, 25; Paris, 24 Nov. 1845 (Hallette); S.-V. 45, 2, 664; Marcadé, T. 6, Tit. VI. art. 1656, p. 288; Paris, 25 Juill. 1346 (Maire); S.-V. 46, 2, 358; D. P. 46, 2, 151; P. 46, 2, 562, and *id.;* C. rej. 9 Juin, 1847 (même affaire;) S.-V. 47, 1, 689; D. P. 47, 1, 248.

6. The vendor of an immovable, availing himself of the resultory condition, must have the property restored with all the improvements and accretions which have become incorporated with it. 3 A. 608.

*Moore & Badeaux,* for the Intervenors, Appellees :

### ON MOTION TO DISMISS.

Appellant cannot reap the benefits of the judgment in its favorable features and ask in the same breath the reversal of the same judgment in other respects when unfavorable to them. 32 A. 947.

Having gone into possession of the plantation under the same judgment which rejected his demand for the mules and having seized the mules as movables and claimed a portion of the proceeds of their sale, the appellant has abandoned the only question which is raised by him on appeal.

### ON THE MERITS.

The resolution of the sale of a plantation does not carry with it mules purchased subsequently to the purchase of the plantation, nor is the vendor's lien on said mules lost by the fact that the plantation reverts to its original owner. C. C. 2045; 31 A. 634; 32 A. 463; 29 A. 607; 28 A. 741; C. C. 3250; 32 A. 463; 29 A. 607: 28 A. 741; C. C. 3250: 14 A. 342; 28 A. 739; Pothier Contract of Sale, secs. 382, 404, 470.

The registry laws are to be consulted only when there is a conflict between parties claiming mortgage or privilege. Shelly's claim is not based upon either. 32 A. 463: 24 A. 541; 24 A 498: 12 R. 279; 12 A. 699: 12 A. 227: Con. 1879, Act 177.

Where a privilege is granted by law. it is for him who maintains its loss to show some provision by which it is extinguished or excepted from the general rule. 12 A. 698.

The vendor's privilege is not lost by the fact that the property has become immovable by destination: *quoad* the vendor it is always a movable. 28 A. 750; 32 A. 1285; 34 A. 535, 923: C. C. 3227, 3277; 12 A. 227.

---

The opinion of the Court was delivered by

FENNER, J. Shelly sold a plantation to Winder on credit. Thereafter, Marx Levy & Co. sold to Winder twenty mules on credit, which

were attached to the plantation. Shelly sues Winder for a resolution of the sale for non-payment of the price. Levy & Co. intervene, opposing the subjection of the mules sold by them, to Shelly's claim, and praying judgment against Winder for price of the mules, with recognition of their vendor's privilege thereon.

The judgment appealed from resolved the sale of the plantation, but recognized and enforced Levy & Co.'s privilege on the mules sold.

The appellant assigns error in the judgment, on two grounds:

1. That the vendor's lien on the movables sold was extinguished by their conversion into immovables by destination.

2. That the lien was lost by failure to record it until after the institution of the resolutory action.

Certain French authorities are quoted in support of the first proposition, but others are of a contrary opinion. This Court has adopted the view of Troplong, to the effect: "That the purchaser of such movables as mules, agricultural implements, etc., cannot affect the rights of the vendor thereof by impressing upon them the purely metaphysical quality of immovables. The thing sold subsists in all its parts just as it was when sold, without any change in its nature, or otherwise, except in its destination; and such destination is considered as imperfect and subordinated to the rights of the vendor." Troplong Priv. and Hyp. No. 113; Carlin vs. Gordy, 32 A. 1285; Gary vs. Burguières, 12 A. 227; Bergeron vs. Patin, 34 A. 535.

As to the alleged defect of registry, we consider that it is one with which plaintiff has no concern. He does not assert any mortgage or privilege on the property. He simply claims the dissolution of his sale for breach of the resolutory condition, the effect of which is to "place matters in the same state as though the obligation had not existed," and "to oblige the creditor to restore what he has received." C. C. art. 2045. Shelly never sold these mules to Winder and has no right to claim them in this action. The authority cited from 3 A. 608, refers to the offspring of slaves sold and is governed by different principles, which readily suggest themselves. The effect of the dissolving condition being to put the parties in the same condition as if they had never contracted, it follows that the offspring of slaves sold return to the seller with their parents, for the reason that, had there been no sale, they would have belonged to the seller.

These principles have no application here.

Judgment affirmed.