The opinion of the court was delivered by
Miller, J.
This is an appeal by plaintiffs from the judgment dissolving their injunction to prevent the removal of certain machinery from the sugar house of the plantation they purchased at a judicial sale.
The plantation was seized under the writ of the first mortgage creditor. The defendants, Hawley & Co., claiming to have purchased the debt for machinery sold to the owner and put by him in the sugar house, filed a third opposition in the suit of the mortgage creditor, asserting the debt of which they had become transferees, the vendor’s privilege on the machinery, and they obtained an order from the court for the separate appraisement and sale of the machinery, the proceeds to be held by the sheriff subject to the payment of their privileged debt. At the sheriff’s sale soon following the defendants became the purchasers of the machinery, and plaintiffs became purchasers of the plantation.
Thereafter the plaintiffs instituted the present suit, averring their purchase of the plantation; that defendants claimed to be creditors of the owner with the vendor’s privilege on the machinery, had obtained the order for the separate appraisement and sale of the machinery; that the sheriff had offered it for sale separately under the order, and had declared it adjudicated to defendants; the petition denied that defendants had the vendor’s lien on the machinery, averred they had acquired no title by their purchase; that, notwithstanding they have notified plaintiffs not to use the machinery, and the petition averring that the taking off of the crop then growing on the plantation absolutely required the use of machinery, and plaintiffs were exposed to irreparable injury by defendants’ pretensions of ownership, asked for an injunction to restrain defendants from any interference with the machinery and for judgment decreeing to be null and void the sale of it by the sheriff. The answer of the defendants averred their privileged debt, their purchase of the property at the sheriff’s sale, maintained their title thus acquired and prayed for the dissolution of the injunction with damages. There was judgment *1048 dissolving the injunction, with four hundred and fifty dollars damages. This appeal followed, and defendants answering the appeal ask for the affirmance of the judgment, with increased damages, as well as for those for a frivolous appeal.
That the vendor of the machinery had the privilege, notwithstanding the machinery had been put in the sugar house, and had the right to remove it under judgment and execution for sale, to satisfy his debt, can not be questioned. Civil Code, Arts. 3227, 3268; Lapene & Jacks vs. McCan, 28 An. 749; Carlin vs. Cordy, 32 An. 1285; Walburn-Swenson Co. vs. Darrell, ante p. 1044.
It is, however, insisted by plaintiffs that the alleged obligation under which defendants assert the privilege, was wholly ineffective, because given after the defendants paid the machinery debt. Civil Code, Art. 2160, par. 1. The privilege, it is true, was decreed by the lower court, but that judgment, though not appealed frorá, it is stated, is not final, nor pleaded by defendants as res judicata. Civil Code, Art. 31; Executrix vs. Daboval, 7 La. 579; Williams vs. Bethany, 1 La. 318; Dwight vs. Simon, 4 An. 491. But, as we understand, there is another ground for the subrogation, to which our attention is directed in the argument for defendants. They were creditors when they paid this machinery debt of their debtor. This payment operated a legal subrogation to that debt and privilege securing it. C. C., Art. 2161, par. 1; Ziegler vs. His Creditors, 49 An. 187. There is no pretence that the debtor ever reimbursed the defendants, nor any they ever relinquished it. The subrogation merely evidences the legal subrogation complete, without any writing. In this view we must hold that defendants were entitled to the privilege.
It is further urged by the plaintiffs that whether or not clothed with the privilege, defendants had no right to remove the machinery, and the order authorizing the separate sale and consequent right of removal under their purchase was illegal. There is great force in the proposition that when the privilege creditor asserts his right by third opposition.in the suit of the mortgage creditor, on the movable attached to the immovable, he is restricted to a separate appraisement and his proportionate share of the proceeds. C. C., Art. 3268: McDonough vs. LeRoy, 1 Rob. 175; Carrollton Bank vs. Tayleur, 16 La. 491; Jamison vs. Barelli, 20 An. 452; Walburn-Swenson Company vs. Darrell, 49 An. The plaintiffs were second *1049 mortgage creditors. If before the sale they had sought to arrest the separate sale of the machinery, part of the entirety on which their mortgage rested, their position would be different. But they permitted the separate sale not only of the machinery, but they purchased the other portions of the plantation. By their own action they have precluded the sale of the plantation in its entirety with the benefit of the separate appraisement and proportionate payment to which defendants, in any point of view, were entitled. On this ground, we think, plaintiffs can not by their injunction restrain defendants from the benefit of their purchase of the machinery.
There remains the question of damages for the dissolution of the injunction. The lower court fixed the damage for the two months’ use by plaintiff and consequent depreciation of the machinery at four hundred and fifty dollars. This, the plaintiffs allege, is excessive, and in this connection they urge they expended a large sum in improving the machinery. Still they used it, and they owe for that use and for any resulting depreciation. On the review of the testimony we can not reach the conclusion the amount allowed is excessive or find the basis to reduce it. The amount for which defendants purchased was twenty-three hundred dollars. The dissolution of the writ was the natural sequence of the order of the court on the opposition. Under the circumstances, we think a fee of one hundred and fifty dollars a reasonable fee for counsel in procuring the dissolution of the writ.
Courts are reluctant to give damages for a frivolous appeal. It is claimed the injunction was an abuse of the writ. The plaintiffs were second mortgage creditors and purchasers of the plantation. They conceived, with some reason, we think, that defendants had no right to remove machinery, part'of the sugar house when they purchased. Their counsel has made an elaborate argument to sustain his clients. This is not the case for damages for appealing. Under the judgment defendants are compensated for all damages, and fee for counsel is allowed. We think that is all the defendants can reasonably ask.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be amended so as to allow defendants, Hawley & Co., one hundred and fifty dollars, which, in addition to the amount of the judgment, it is now ordered, adjudged and decreed, defendants recover from plaintiffs, and as thus amended the judgment of the lower court is affirmed at plaintiffs’ cost.