ROGERS, Justice.
 

 Local unions Nos. 1226 (white) and 231 (colored) of the New Orleans Longshoremen’s Association obtained a permanent injunction restraining Holt Ross, individually and as agent of the International Longshoremen’s Association, and Joseph P. Ryan, its president, or any other representative or agent, from annulling their charters and from organizing two conflicting locals.
 

 Appellants complain of the action of the trial judge in overruling their exception to the citation, which was served on Holt Ross. They point out that Ross was neither an officer nor a member of the International Longshoremen’s Association; was not its agent for the service of process; had no contract with and received no compensation from it.
 

 Plaintiffs allege that they have enjoyed an existence in the port of New Orleans for the past sixty years. That although they are in good standing with the International Longshoremen’s Association and have conformed always to its rules and regulations, Joseph P. Ryan, its president, entered into a conspiracy with certain hostile interests to destroy plaintiffs’ organizations. That Ryan, without any authority under the constitution, rules, or regulations of the International Longshoremen’s Association, ordered plaintiffs’ charters revoked, and, in order to carry out his illegal order and to destroy plaintiffs’ organizations, appointed Holt Ross as the agent and representative of the International Longshoremen’s Association to institute in place of the plaintiff locals two other locals to be known as locals Nos. 1338 (white) and 1339 (colored). That the institution of -the new locals would have the effect of disrupting the plaintiff locals and of destroying the right of their members to work at their calling, as the new organizations would control their own membership. And plaintiffs allege that they are entitled to injunctive relief to preserve their rights.
 

 The proof in' the record shows that Holt Ross, who is an organizer of the American Federation of Labor, was sent to New Orleans by Joseph P. Ryan, president of the International Longshoremen’s Association, for the specific purpose of installing the two new locals and to supervise them until they are able to handle their own affairs.
 

 In these circumstances, we think Holt Ross was properly cited. In fact, that was the only way in which plaintiffs could prevent the organization of the alleged illegal unions and preserve their own rights. Ryan was not in Louisiana, and the headquarters of the International Longshoremen’s Association is in the state of New York.
 

 Neither is the exception to the jurisdiction ratione personae well founded. Holt Ross, as the accredited agent of Joseph P. Ryan, purporting to act as the president of the International Longshoremen’s Associa:
 
 *298
 
 tion, was present in New Orleans where he was personally cited and served with the writ of injunction.
 

 The case is not one calling for the application of the rule that a member of a voluntary organization must first exhaust its processes before appealing to the courts. Plaintiffs’ demands for injunctive relief are not leveled at the International Longshoremen’s Association as an association. The object of their suits, as disclosed by the averments and prayers of their petitions, is to protect, themselves against the alleged abuse of his official powers by Joseph P. Ryan, president of the International Longshoremen’s Association, acting through the defendant, Holt Ross, his duly accredited agent and representative.
 

 No reason is disclosed by the record for the formation of the new locals. Nor does it appear that in attempting to form them Ryan followed the rules and regulations of the parent organization. The arrearages of the plaintiff locals for their per capita taxes were not sufficient to cause them to be stricken from the books of the International Association; and there is nothing to show that their charters were ever legally revoked.
 

 Our conclusion is that the plaintiff locals are entitled to injunctive relief; but we think the injunction as issued is entirely too sweeping in its terms. Under the broad language of the writ, the International Association is apparently forever forbidden to cancel the charters of the existing locals, with or without cause, and to organize any new locals. Obviously, plaintiffs are not entitled to enjoin the legal acts of the defendants. The substance of plaintiffs’ complaint is, that Ryan, the president of the International Association, acted illegally in revoking their charters and in granting charters to the new locals. The operation of the injunction should be confined within the limits of plaintiffs’ complaint.
 

 Although the judgment appealed from will have to be amended, we do not think the amendment should carry with it the costs of the appeal. Appellants should have given the trial judge an opportunity to modify the terms of the injunction by applying for a ■new trial, which they failed to do. Under the circumstances, they should bear all the' costs of the litigation. Act No. 229 of 1910, •§ 2.
 

 For the reasons assigned, the injunction herein issued is modified to the extent that it forbids the defendants from revoking the charters of the plaintiff locals for just cause and in a legal manner, and from hereafter installing any legally organized locals in the city of New Orleans. In all other respects the injunction is maintained; defendants to pay the costs of this' court as well as the costs of the district court.