165 So. 150

GLOBE AUTOMATIC SPRINKLER CO. v. BELL et al.

No. 33150.

July 1, 1935.

On Rehearing Jan. 6, 1936.

Monroe & Lemann and Nicholas Callan, all of New Orleans, and Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

Hudson, Potts & Bernstein and George M. Snellings, Jr., all of Monroe, for appellants.

ROGERS, Justice.

Under the terms of a written contract, which was recorded in the parish records, the Globe Automatic Sprinkler Company installed an automatic sprinkler system in the sash and door factory operated by C. C. Bell in the city of West Monroe. Subsequently, Bell made a dation en paiement to the Monroe Building & Loan Association of 33 parcels of real estate, including the factory containing the sprinkler system, in consideration of the cancellation by the building and loan association of the mortgage notes bearing upon the property conveyed.

This suit was instituted by the Globe Automatic Sprinkler Company against C. C. Bell and the Monroe Building & Loan Association for the balance due on the vendor's lien notes executed by Bell; plaintiff claiming a vendor's lien and, alternatively, a mechanic's lien on the sprinkler equipment, which plaintiff caused to be sequestered.

Bell was adjudicated a voluntary bankrupt by the United States District Court for the Western District of Louisiana and the debt which is the basis of the present suit was placed on his schedule of liabilities. Thereafter, the Globe Automatic Sprinkler Company filed a supplemental petition, impleading the trustee of the bankrupt estate and the Monroe Building & Loan Association, to set aside the dation en paiement to the building and loan association as a fraudulent and preferential transaction.

An exception of prescription to the supplemental petition was overruled. Bell answered, setting up his discharge in bankruptcy. The building association answered, setting up certain special defenses.

After a trial on the merits, the District Court rendered a judgment in favor of the Globe Automatic Sprinkler Company against Bell for the principal amount sued for, with interest and attorney's fees, to operate in rem only against the property sequestered; and against the Monroe Building & Loan Association, maintaining the writ of sequestration, with recognition of the vendor's lien of the Globe Automatic Sprinkler Company on the property sequestered. From that judgment, the Monroe Building & Loan Association has appealed.

The appellant contends the appellee is not entitled to a vendor's lien on the ground that the sprinkler equipment by its attachment to the mortgaged property became an immovable, and on the further ground that the vendor's lien, if it ever existed, was lost when the original vendee conveyed the mortgaged property to the appellant by dation en paiement.

█ The judge of the District Court correctly found that the sprinkler system could be detached and removed without injury to the building or to the soil.

The record discloses that the sprinkler system consists, generally, of three main

units: An elevated steel tank of 50,000 gallons capacity; pipe valves; and pipe distributed throughout the plant. The tank is supplied with water from the city mains by underground pipes connected at the property line, and three leads to the tank are connected with the distributing system throughout the building. The tank is fastened by bolts embedded in concrete piers and held in place by the bolts. The tank can be disconnected by simply removing the bolts and lifting it off. The pipe known as a tank riser is supported by an L which is not in any manner fastened to the concrete. The pipe valves are placed at points where the system, which contains three valve assemblies, enters the building. To protect them from freezing, the valves are placed in small inclosures furnished by the owner of the building. The valves can be removed without altering the housing in any manner. The valves connect with the piping distributed throughout the plant, which is held in place by hangers, which are in turn attached to the building by screws, in accordance with the rules of the National Board of Underwriters. The hangers are of two types; a U hanger attached by drive screws, and a main or ring hanger attached to the roof joists by lag screws. As required by the National Board of Underwriters, the pipes are free in the hangers. The entire system can be removed and the hangers left in place. And the hangers can be removed by simply taking out the screws. Where the pipe goes through the partitions, a hole is cut, which permits the pipe to slide through freely. The manufacturing plant is roughly constructed, and the partitions consist of nothing but 1x8 inch boards.

Thus it will appear that the sprinkler system involved in this case is of the same general nature as the sprinkler system involved in the case of Richardson v. Item Co., 172 La. 421, 134 So. 380, which this court characterized as a movable in a contest over its ownership between the owner of the building and his lessee.

Under the facts disclosed by the record, appellant's contention that the sprinkler system by its attachment to the Bell manufacturing plant became so immobilized as to defeat appellant's vendor's lien is not well founded.

█ In this state the vendor of movables is accorded a privilege for the unpaid price of the thing sold so long as it remains in the possession of the vendee and can be identified. Civ. Code, arts. 3227, 3231; Caldwell v. Laurel Grove Co., 175 La. 928, 144 So. 718.

█ And the uniform jurisprudence of the state is that where machinery or mechanical equipment is installed in a building by the owner but can be removed without substantial injury to the structure to which it is attached, even though it be necessary to temporarily destroy part of the building, the vendor's lien attaches and is enforceable. Carlin v. Gordy, 32 La. Ann. 1285; Baldwin v. Young, 47 La.Ann. 1466, 17 So. 883; Walburn-Swenson Co. v. Darrell, 49 La.Ann. 1044, 22 So. 310; Hall v. Hawley & Co., 49 La.Ann. 1046, 22 So. 205; In re Receivership of Augusta Sugar Co., 134 La. 971, 64 So. 870; Pratt E. & M. Co. v.

Cecelia Sugar Co., 135 La. 179, 65 So. 100; Caldwell v. Laurel Grove Co., 175 La. 928, 144 So. 718.

The cases of Carlin v. Gordy, Baldwin v. Young, In re Receivership of Augusta Sugar Co., and Pratt E. & M. Co. v. Cecelia Sugar Co., are particularly appropriate to this case. In Carlin v. Gordy, a sugar mill and machinery, and in Baldwin v. Young, a heater and its attachments, were allowed to be removed. In the Receivership of Augusta Sugar Co., the vendor's privilege was recognized and enforced against an equipment consisting of a vacuum pan, a vacuum pump, a tower tank, an oil storing tank, and three Magma tanks. In Pratt E. & M. Co. v. Cecelia Sugar Co., the vendor's privilege was recognized and enforced against certain sugar mill machinery, the character of which had not been changed by its incorporation with the building.

Irrespective of whether the recordation of the contract between the Globe Automatic Sprinkler Company and C. C. Bell was sufficient to bind the Monroe Building & Loan Association, we do not think the vendor's lien of the sprinkler company was destroyed by the execution of the dation en paiement.

At the moment Bell failed to comply with his engagements to the Monroe Building & Loan Association, the right accrued to that association under the resolutory condition implied in all commutative contracts to sue for the dissolution of the sale or under the mortgage contract to sue for the enforcement of the mortgage. But it was not necessary for the building and loan association to exercise either of those rights, since Bell, the purchaser, was willing to voluntarily transfer the property to the association, his vendor, in satisfaction of its claim.

Strictly speaking, the case is not one involving the loss of the vendor's privilege where the property is transferred to a third party. The building and loan association cannot be considered as a third party in that sense. If the association had sued to rescind the sale, it would as a condition precedent to the institution of the action have been compelled to return Bell the cash portion of the purchase price. If this had been done, it would have furnished him with a fund out of which the debt of appellant might have been, and should have been, paid. Wilmot & Co. v. Steamer Ouachita Belle, 32 La.Ann. 607. In any event, the appellant might have intervened in the suit to protect its rights. In like manner, if the building and loan association had sued to enforce its mortgage, the Globe Automatic Sprinkler Company would have been in a position to intervene in the proceeding and assert its vendor's lien. Shelly v. Winder, 36 La.Ann. 182.

The parties' substitution of a nonjudicial proceeding for a judicial proceeding cannot have the extraordinary effect of obliterating all claims and privileges acquired by third persons against the property while it was in the possession of the purchaser. The purchaser had no authority to abandon or even to compromise the rights secured to him by law to the prejudice of a creditor who had acquired a privilege on the property. Wilmot & Co. v. Steamer Ouachita Belle, 32 La. Ann. 607.

We consider this view as disposing of the case, and hence find no occasion to discuss the other issues raised by the parties.

■ Appellant directs our attention to a palpable error appearing in the judgment rendered against C. C. Bell in the matter of interest and attorney's fees. The judgment awards 8 per cent. per annum interest from May 13, 1930, on the amount sued for, and 15 per cent. as attorney's fees on the aggregate of principal and interest. However, the original notes provide for no interest and for only 10 per cent. as attorney's fees. As the judgment is operative only in rem against the property sequestered, we think the appellant as the holder of a claim adverse to the claim of the appellee is entitled to a correction of the judgment so as to reduce the claim of the appellee.

■ Although the judgment will have to be amended, we do not think the amendment is such as to require appellee to pay the costs of appeal. Appellant should have directed attention to the error in its motion for a new trial so as to give the trial judge an opportunity of correcting it. Having failed to do this, appellant should pay the costs of appeal as well as those of the District Court. Act No. 229 of 1910, § 2; Local No. 1226, International L. Ass'n v. Ross, 180 La. 293, 156 So. 357.

For the reasons assigned, the judgment appealed from is amended so as to reduce the rate of interest allowed on the principal amount of the judgment from 8 per cent. per annum from May 13, 1930, until paid, to legal interest from judicial demand until paid, and to reduce the attorney's fees awarded from 15 per cent. upon the aggregate of the principal and interest to 10 per cent. upon the aggregate of the principal and interest. As thus amended, the judgment is affirmed; appellant to pay all costs of suit.

On Rehearing

BRUNOT, Justice.

In our original opinion in this case we amended the judgment appealed from by reducing the rate of interest awarded therein from 8 per cent. per annum from May 13, 1930, until paid, to legal interest from judicial demand until paid, and by reducing the attorney's fees awarded in said judgment from 15 per cent. upon the aggregate of the principal and interest, found to be due the plaintiff, to 10 per cent. thereon, and, as thus amended, we affirmed the judgment, and taxed the appellant with the costs of the suit.

In the application for a rehearing, it is alleged that we erred in holding that the sprinkler system involved was movable property. There are fourteen other alleged errors in the opinion, all of which are based upon the court's finding that the sprinkler system involved in this suit was movable property and subject to the vendor's lien asserted by the appellee.

It follows that the only question presented is whether or not the sprinkler system is movable or immovable property. We have reviewed the record carefully, and have found the facts to be accurately stated in our original opinion, and, upon this finding of fact, we said: "Under the facts disclosed by the record, appellant's contention that the sprinkler system by its attachment to the Bell manufacturing plant be-

came so immobilized as to defeat appellant's vendor's lien is not well founded."

Our opinion is based on this finding, and we cite the authorities in support of it, which convinces us that our original opinion is correct, and that it should be reinstated and made the final judgment of the court, and it is so ordered.

ODOM, J., dissents.