Plaintiff sues to recover of the defendants, Henry Dunn and his wife, Fannie Lewis Dunn, in solido, the sum of $133.01, with interest and attorney's fees, and with recognition and enforcement of a vendor's lien and privilege on a Butane Gas System, as evidenced by a certain promissory note made and executed by said defendants, being dated at Cottonport, La., May 3, 1940, payable to the order of plaintiff herein, for the said sum, in consecutive monthly installments, beginning on July 1, 1942, each installment being for the sum of $11.13, except the last which is for $10.58, with 8% interest thereon from maturity, and providing for attorney's fees fixed at 10% on the amount owing thereon.
Plaintiff avers that it is the holder and owner, acquired in due course and for valuable consideration before maturity, of the said note; that on account of the nonpayment of the installment due on July 1, 1942, the whole of the said note is now past due and unpaid; that the said note *Page 655 
represents a part of the purchase price of a Butane Gas System purchased by the defendants and installed on their premises and is therefore secured by the vendor's lien and privilege on the said system.
Making the allegation that it was within defendants' power to remove the gas system from the jurisdiction of the Court, or to sell or dispose of the same, plaintiff prayed for a writ of sequestration. The writ of sequestration was issued and executed.
The defendants filed a motion to dissolve the writ of sequestration, and praying for damages, on the ground that the plaintiff did not have a vendor's lien or privilege on the said equipment. A rule issued on the motion to dissolve the said writ. Plaintiff excepted to the rule to dissolve (1) on the ground that defendants had no cause or right of action, and (2) that various exceptions were filed and pending against the main demand prior to the issuance of the rule to show cause why the writ of sequestration should not be dissolved.
The trial of the rule resulted in a judgment in favor of the defendants and against the plaintiffs, overruling the exceptions of plaintiff, dissolving the writ of sequestration with $25 as damages for the illegal seizure by the writ and $50 as attorney's fees for dissolving the writ. Plaintiff has appealed. Defendants have answered the appeal, praying that the damages be increased to $200, and the attorney's fees be increased to $150.
We find no merit in any of the exceptions of plaintiff. Defendants had the right to contend that plaintiff did not have a vendor's lien and privilege on the property sequestered. The fact that exceptions were pending against the merits did not deprive defendants of the right to controvert plaintiff's allegation that it has a vendor's lien. The exceptions were properly overruled.
It appears that on May 3, 1940, the Butane Gas Plumbing Co., Inc., of Cottonport, La., sold to defendants and installed a Butane Gas System on the premises of the defendants. The gas system consists of a tank buried under the ground and is attached to the equipment in the house by one-half inch pipes which run through holes in the floor. The gas system herein involved is actually connected with or attached to the building of the defendants for the use and benefit of the building. The vendor of this system did not retain a chattel mortgage thereon.
It is undisputed that the note, the basis of this suit, is an ordinary note payable to the plaintiff. On its face, or otherwise, nothing is mentioned to the effect that it is secured by a vendor's lien. The plaintiff was not the seller of the system. It is not shown, and it is not contended, that the vendor of the system transferred, by written document, or otherwise, the vendor's lien and privilege which inured to him. It is only contended that the note represents a partial payment of the purchase price. It is our view that it was a loan by plaintiff to defendants to apply on the payment of the purchase price. Had the note been made payable to the vendor of the system with a declaration that it represented a portion of the purchase price and that the vendor's lien was retained in favor of the vendor or the future holder of the said note, a different situation would exist, and probably the transfer of the note by the vendor would likewise transfer the vendor's privilege. Under the present situation, however, the transaction must be considered as a loan by plaintiff to defendants with which to purchase the system. It has been held that "one who loans to another money with which to purchase property, or pays for the property for another, has no vendor's lien or privilege thereon." Labouisse v. Orleans Cotton-Rope Mfg. Co., 43 La.Ann. 245, 9 So. 204.
As to the damages allowed, we are of the opinion that the award is ample. We fully agree with the trial court that the "damage is more fanciful than real." The defendants have had the use of the sequestered property ever since it was seized and obviously they have not suffered any inconvenience. They are entitled to nominal damages only. As to the attorney's fees, considering the amount involved in the suit and the work performed, we believe that the award of the lower court is fair.
For these reasons, the judgment is affirmed. *Page 656