The issues in this case are identical as those in the case of Cottonport Bank v. Dunn et al., La.App., 19 So.2d 654, save and except the allegation is made that on August 2, 1942, William Lee, after having defaulted on the monthly installments as called for by the notes, the basis of this suit, entered into an agreement whereby he acknowledged his indebtedness to the plaintiff to the amount of $222.48, with interest and attorney's fees. In this agreement, it is stated: "This indebtedness represents the consideration given for one Butane Gas System and equipment sold and delivered April 12, 1940, described and itemized as follows: Size System No. 155 Nabuco, one Range Roper, two outlets and one space heater No. 2210. The vendors' lien and privilege on same is recognized on the Butane system and equipment as described and located on premises of William Lee."
The facts are that William Lee and his wife purchased from the Butane Gas Plumbing Co., Inc., of Cottonport, La., a butane gas system. The system was installed on the premises of Lee for his benefit and that of the property. In payment therefor, William Lee and his wife executed three notes, all bearing date of April 19, 1940, payable in 35 installments of $9.27, beginning on June 1, 1940, and one installment of $8.99 thereafter, bearing interest at 8% per annum from installment due dates, the said notes being payable to the order of the Cottonport Bank, plaintiff herein. The notes are ordinary notes with no mention of any vendor's lien or privilege securing them. They were not made payable to the vendor of the gas system. Like the Cottonport-Dunn case, the purchaser did not grant a chattel mortgage, nor was there any written transfer of a vendor's lien to the plaintiff bank.
For the reasons assigned in the case of Cottonport Bank v. Dunn et al., La.App., 19 So.2d 654, the plaintiff did not have a vendor's lien and privilege on the gas system unless the agreement heretofore referred to created a vendor's lien. We think not. The vendor's lien can only be created when a vendor sells an object to a purchaser on a credit basis. The plaintiff was not the seller of the system. It had merely loaned the money to the purchaser to pay the vendor.
For these reasons, and the reasons set forth in the case of Cottonport Bank v. Dunn et al., La.App., 19 So.2d 654, the judgment appealed from is affirmed. *Page 657