The issues in this case were stated in our former opinion. La. App., 19 So.2d 656. The case is similar to the case of the same plaintiff against Dunn et al., La. App., 21 So.2d 525, except that in the present case there does not appear to have been filed by the plaintiff a supplemental petition in answer to the exception of vagueness filed by the defendants, setting out the manner in which the plaintiff acquired the notes sued on.
[1] The principal issue in the case is whether or not the plaintiff Bank has a vendor's lien on the gas system sequestered in the case. The burden rests on the plaintiff to show such a lien to support the sequestration against the motion to dissolve the writ. Whether or not plaintiff has such a lien depends on the manner by which it acquired the notes sued on. These notes are made payable to the order of the plaintiff Bank, and the pleadings show that the gas system was sold to the defendants by the Butane Gas Plumbing Company, but there is nothing in the record to show how the vendor's lien resulting from the sale in favor of the vendor was transferred to the plaintiff Bank, and how the arrangement among the three parties, the vendor, the vendee and the Bank was consummated, and why the notes were made payable directly to the Bank rather than to the vendor.
[2] Nor does the agreement entered into between the Bank and defendant, William Lee, on August 1, 1942, quoted in our former opinion, explain the transaction by which the Bank acquired the notes on which it now seeks to enforce a vendor's lion on movables sold by another company to the defendants. We think there should be further proof on this phase of the case before it can be determined whether or not the plaintiff has a vendor's lien on the property sequestered.
For the reasons above assigned, and for the reasons assigned in the case of Cottonport Bank v. Dunn et al., supra, our former *Page 528 
decree is recalled and set aside, and the judgment herein appealed from is annulled and set aside, and it is now ordered that this case be remanded to the district court to be proceeded with according to law and the views herein expressed; cost of the appeal to be paid by defendant, William Lee, and all other cost to await the final termination of the cause.