The issues in this case were stated in our original opinion. La. App., 19 So.2d 654. It is unnecessary to re-state the issues other than to say that the principal question involved is whether or not the plaintiff Bank has a vendor's privilege on the Butane gas system for the payment of the balance due on the note sued on, which note was signed by the defendants and is made payable to the plaintiff Bank directly instead of being made payable to the Gas Company, the vendor of the system.
Plaintiff alleged in its original petition that the note sued on was secured by a vendor's lien and privilege and being part of the purchase price of a Butane gas system installed in the home of the defendants. An order was issued on an exception of vagueness ordering plaintiff to amend its petition so as to set out from whom the Butane system referred to was purchased, whether or not plaintiff acquired the note from the purchasers of the system or from a third person, and if acquired from a third person, whether the note was acquired with or without recourse and before maturity. In compliance with this order, plaintiff filed a supplemental petition alleging that the note was signed by the defendants and was made payable to the Cottonport Bank, and was given by the makers to the Butane Gas Plumbing Company, Inc., in payment of the Butane system described in the original petition; that said note was transferred without endorsement by manual delivery from the said Butane Gas Plumbing Company, Inc., to the Cottonport Bank for a valuable consideration and before maturity.
In the motion filed by defendants to dissolve the writ of sequestration issued in the case, the allegation is made that the gas system was installed in the building for its use and benefit and thereby became *Page 526 
an immovable by nature or an immovable by destination, and the vendor's privilege was lost. It was on this theory and contention that the defendants asked for a dissolution of the writ of sequestration, and it was on this theory that the trial judge dissolved the writ, that is because the gas system had become an immovable by nature and the vendor's lien was thereby lost.
Instead of a trial on the motion to dissolve the writ, counsel entered into an agreed statement of facts in which, among other things, it was stipulated that no chattel mortgage was retained by the vendor, Butane Gas Plumbing Company, on the Butane gas plant and equipment.
[1] The law grants to the vendor of movable property a privilege on the property sold for the payment of the purchase price so long as the property remains in the hands of the purchaser, and the taking of a note for the purchase price does not destroy the privilege. Civil Code, Article 3227. Even though the note given for the purchase price is not made payable directly to the vendor, but by arrangement of the parties, is made payable to a third party, such third party still enjoys the vendor's privilege on the thing sold.
In the case of Jeckell v. Fried, 18 La. Ann. 192, Sturne sold a cracker machine to Fried, and the latter gave a note for part of the purchase price. The note was not made payable to Sturne, the vendor, but by agreement of the parties, was made payable to Beard to satisfy a debt due by Sturne to Beard. The court held that the holder of the note had a vendor's privilege on the cracker machine, the court stating:
"Had the note been made payable to Sturne, and been secured by the vendor's privilege, no reason can be perceived why, under the circumstances of the case, the note made payable to Beard, should not likewise carry with it the same security. It was, in effect, a transfer from Sturne to Beard, of a part of the consideration of Sturne's sale to Fried, in the particular form agreed on by the contracting parties, and the transfer of the claim evidenced by the note, carried with it the accessory of the privilege of the vendor."
There is not sufficient proof in the record to show the manner in which the plaintiff Bank acquired the note, the arrangement between the parties, and the reason why the note was made payable to the Bank and not to the vendor of the gas system. The plaintiff Bank offered no proof to show that it acquired the note in the manner and for the consideration set out in its supplemental petition.
[2, 3] Counsel for defendants contend that, if the Bank did have a vendor's privilege on the gas system, this privilege was lost because the movables sold became immovable by nature when the equipment was installed in the building for its use and benefit. We agree with the contention of counsel that the equipment became immovable by nature, as the gas system was connected with the building for its use and convenience by placing the seven-foot gas tank five feet in the ground and connecting the heating equipment in the house with the tank by pipes run through the floor into the house. The provisions of Article 467 of the Civil Code, as amended by Act 51 of 1912, made this gas plant, when thus installed, an immovable by nature.
However, the mere fact that the gas system thus became an immovable by nature did not necessarily destroy the vendor's lien resting on it at the time of installation. The rule is that where the movable sold has become immovable by nature or by destination and still remains in the hands of the purchaser and can be identified and removed without substantial injury to the structure to which it is attached, the vendor's lien and privilege is still enforceable. Globe Automatic Sprinkler Co. v. Bell et al., 183 La. 937, 165 So. 150; Caldwell v. Laurel Grove Co., Inc., 175 La. 928, 144 So. 718.
From the agreed statement of facts as to the manner the gas system was installed in defendants' building, it is clear that this equipment could be removed from the building without any serious damage to it. The tank could be removed from the ground and the pipes pulled out of the small holes in the floor with practically no damage to the building. In fact, there would be much less damage and inconvenience to the building by removing the gas system than was the case in removing the equipment and machinery from the structures in the two cited cases above where the vendor's lien was enforced. The Supreme Court in some cases has permitted the enforcement of the vendor's lien on movable property installed in a structure by the owner where it was necessary to tear out some part of a wall or unscrew *Page 527 
tight bolts in order to detach the movable from the building.
[4, 5] To support the writ of sequestration, the plaintiff had the burden of showing that it has a vendor's lien on the gas system. As already stated, the proof is not sufficient for us to determine whether or not the manner in which the Bank acquired the note sued on, the arrangement among the three parties involved, the vendor, the vendee and the Bank, was such as to retain the vendor's lien in favor of the Bank, and we have decided to remand the case for further proof on these points.
For the reasons assigned, our former decree is recalled and set aside, and it is further ordered that the judgment appealed from be and the same is annulled and set aside, and it is now ordered that the case be remanded to the district court to be proceeded with according to law and the views herein expressed; the cost of the appeal to be paid by the defendants, and all other cost to await the final termination of the case.